UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>   Plaintiff, )<br>   )<br>   vs. )   Court No.: 20-00175<br>   )<br>AMERICAN HOME ASSURANCE )<br>COMPANY, )<br>   )<br>   Defendant. )<br>_____ ) | |

## PUBLIC COMPLAINT

Pursuant to the rules of this court, the United States of America, Plaintiff, alleges as follows:

1. This action is brought by the United States of America, on behalf of the Department of Homeland Security, United States Customs and Border Protection (CBP), against defendant, American Home Assurance Company (AHAC), to recover unpaid duties in the amount of $377,869.75, plus pre-judgment interest — including but not limited to interest pursuant to 19 U.S.C. §§ 580 and 1505 and equitable interest — and post-judgment interest.

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1582(2).

3. Upon information and belief, AHAC is currently located at 175 Water St., Fl 18, New York, New York 10038-4976.

### COUNT I

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

1

5.      For the reasons set out in paragraphs 6 through 22, Plaintiff's Count I seeks to collect unpaid supplemental duties and interest on each of the six single transaction bonds executed by AHAC described below.

6.      Between February 26, 2001 and May 25, 2001, importer Panjee Co., Ltd. (Panjee) made six entries of preserved mushrooms from the People's Republic of China (China) through the port of San Francisco, California (CBP port code 2809) (the Count I Entries).

7.      The Count I Entries were subject to the antidumping duty order on certain preserved mushrooms from China issued by the Department of Commerce (Commerce) (A-570-851) (the Mushroom Order).  *See Notice of Amendment of Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms From the People's Republic of China*, 64 Fed. Reg. 8308 (Feb. 19, 1999).

8.      At the time of entry, Panjee declared in its entry papers that the exporter for the mushrooms covered by the Count I Entries was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Panjee also declared in its entry papers that the Count I Entries were subject to antidumping duties at a rate of ▮▮▮▮▮ *ad valorem*.

9.      AHAC entered into six single transaction bonds with Panjee to secure the duties, taxes, and charges owed on each of the Count I Entries (the Count I STBs).  Copies of the Count I Entries are attached as Exhibit A.  Copies of the Count I STBs are attached as Exhibit B.

10.     Under the terms of the Count I STBs, AHAC agreed to be jointly and severally liable for all additional duties, taxes, and charges subsequently found due, legally fixed, and imposed on each of the Count I Entries up to the "limit of liability" reflected on the bonds.  *See* Exhibit B.  The combined total of the limits of liability of the Count I STBs is $317,689.00.  *Id*.

2

11.     Panjee provided the Count I STBs to CBP at the time of entry, in lieu of making a cash deposit of estimated antidumping duties for each of the Count I entries.

12.     On February 20, 2003, the Count I Entries liquidated by operation of law at the rate of duty, value, quantity, and amount of duty asserted at the time of entry.  *See* 19 U.S.C. § 1504(d); *see also United States v. Am. Home Assur. Co.*, 151 F. Supp. 3d 1328, 1342–43 (Ct. Int'l Trade 2015), *amended,* (Ct. Int'l Trade Mar. 15, 2016), *aff'd without opinion*, No. 2018-1960, Judgment (Fed. Cir. Sept. 6, 2019).

13.     On or about September 26, 2014, CBP billed Panjee for the first time for each of the Count I Entries in the amount of the liquidated duties, taxes, and charges owed by Panjee, ▮.  Copies of the Count I bills are attached as Exhibit C.  The bill number, entry number, initial principal amount billed, and STB amount are contained in the table below for each Count I Entry.

| Bill no | Entry No. | Initial Principal Amount Billed (billed on 9/26/14) | STB Amount |
|---|---|---|---|
| 46739182 | DZ102201396 | $73,034.27 | $73,035.00 |
| 46739183 | DZ102215404 | $68,650.51 | $68,651.00 |
| 46739184 | DZ102222558 | $34,108.74 | $35,000.00 |
| 46739185 | DZ102226807 | $71,298.24 | $71,299.00 |
| 46739186 | DZ102239149 | $34,851.62 | $34,852.00 |
| 46739187 | DZ102255350 | $34,851.62 | $34,852.00 |
|  | **Total** | **$316,795.00** | **$317,689.00** |

14.     As indicated in the table in paragraph 13, Panjee was billed for the total principal amount of $316,795.00.

15.     Panjee did not pay these bills.

16. The bills issued to Panjee became delinquent on October 27, 2014, when the debt remained outstanding for over 30 days.

17. On or about July 6, 2015, CBP made its first demand on AHAC for the Count I Entries via the Formal Demand on Surety for Payment of Delinquent Amounts Due (known as the "612 Report") for the amount of $323,903.48, which reflected the unpaid duties plus the interest that had accrued since the time the first bills were issued to Panjee (*see* 19 U.S.C. § 1505(d)).  A copy of the relevant page of the 612 report (612 Report labeled June 2015 with a run date of July 1, 2015) containing the first demand to AHAC for the Count I Entries is attached as Exhibit D.

18. The demand issued to AHAC pursuant to the 612 report became delinquent on August 6, 2015, when the debt remained outstanding for over 30 days.  *See* 19 U.S.C. § 1505(b); 19 C.F.R. § 113.62(a)(1)(ii); 19 C.F.R. § 24.3a(a); 19 C.F.R. § 24.3(e).

19. CBP demanded payment from AHAC via the 612 Report for the unpaid debt for the Count I Entries several times thereafter.

20. On September 29, 2015, CBP received a protest from AHAC concerning the demand for payment for the Count I Entries.  By letter dated November 19, 2019, AHAC requested to withdraw its protest for the Count I Entries.

21. To date, neither Panjee nor AHAC has made any payments pursuant to their obligations under the law and the STBs to pay the outstanding debt for the Count I Entries.

22. For the outstanding debt comprised of the unpaid antidumping duties for the Count I Entries and the unpaid interest that has accrued pursuant to 19 U.S.C. § 1505(d), AHAC's liability is limited to the face amounts of the bonds.  However, due to its own acts, such

as failing to pay upon demand, AHAC is also liable above the contractual limits of the bonds for interest pursuant to 19 U.S.C. § 580, and may be liable for equitable interest.

## COUNT II

23.    Paragraphs 1 through 22 are incorporated by reference as though fully set forth herein.

24.    For the reasons set out in paragraphs 25 through 40, Plaintiff's Count II seeks to collect unpaid supplemental duties and interest on the single transaction bond executed by AHAC described below.

25.    On or about March 31, 2001, importer Pan Pacific Products Inc. (Pan Pacific) made an entry of preserved mushrooms from China, through the port of San Francisco, California (CBP port code 2809) identified as Entry No. DZ1-02222590.

26.    Entry No. DZ1-02222590 was subject to antidumping duties pursuant to the Mushroom Order. *See* 64 Fed. Reg. 8308 (Feb. 19, 1999).

27.    At the time of entry, Pan Pacific declared in its entry papers that the exporter for the mushrooms covered by Entry No. DZ1-02222590 was [REDACTED]. Pan Pacific also declared in its entry papers that the merchandise covered by Entry No. DZ1-02222590 was subject to antidumping duties at a rate of [REDACTED] *ad valorem*.

28.    AHAC entered into a single transaction bond (STB) with Pan Pacific to secure the duties, taxes, and charges owed on Entry No. DZ1-02222590. A copy of Entry No. DZ1-02222590 is attached as Exhibit E. A copy of the STB for Entry No. DZ1-02222590 is attached as Exhibit F.

29.    Under the terms of the STB for Entry No. DZ1-02222590, AHAC agreed to be jointly and severally liable for all additional duties, taxes, and charges subsequently found due,

legally fixed, and imposed on Entry No. DZ1-02222590 up to the "limit of liability" reflected on the bond. *See* Exhibit F. The limit of liability of the STB for Entry No. DZ1-02222590 is $31,320.00. *Id*.

30. Pan Pacific provided the STB for Entry No. DZ1-02222590 to CBP at the time of entry, in lieu of making a cash deposit of the estimated antidumping duties for Entry No. DZ1-02222590.

31. On February 20, 2003, Entry No. DZ1-02222590 liquidated by operation of law at the rate of duty, value, quantity, and amount of duty asserted at the time of entry. *See* 19 U.S.C. § 1504(d).

32. On or about September 26, 2014, CBP billed Pan Pacific for the first time for Entry No. DZ1-02222590 in the amount of $31,319.98 for the duties, taxes, and charges owed by Pan Pacific, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Bill No. 46739179 attached as Exhibit G.

33. Pan Pacific did not pay this bill.

34. The bill became delinquent on October 27, 2014, when the debt remained outstanding for over 30 days.

35. On or about February 3, 2016, CBP mailed its first demand on AHAC for Entry No. DZ1-02222590 via the 612 Report for the amount of $32,580.12, which reflected the unpaid duties plus the interest that had accrued since the time the first bills were issued to Pan Pacific (*see* 19 U.S.C. § 1505(d)). A copy of the relevant page of the 612 report (612 Report labeled January 2016 with a run date of February 1, 2016) containing the first demand to AHAC for Entry No. DZ1-02222590 is attached as Exhibit H.

36. The demand issued to AHAC pursuant to the 612 report became delinquent on March 5, 2016, when the debt remained outstanding for over 30 days. *See* 19 U.S.C. § 1505(b); 19 C.F.R. § 113.62(a)(1)(ii); 19 C.F.R. § 24.3a(a); 19 C.F.R. § 24.3(e).

37. CBP demanded payment from AHAC via the 612 Report for the unpaid duties plus interest that had accrued for Entry No. DZ1-02222590 several times thereafter.

38. AHAC did not protest the demand for payment for Entry No. DZ1-02222590.

39. To date, neither Pan Pacific nor AHAC has made any payments pursuant to their obligations under the law and the STB for Entry No. DZ1-02222590 to pay the outstanding duties and interest owed on Entry No. DZ1-02222590.

40. For the outstanding debt comprised of the unpaid antidumping duties for Entry No. DZ1-02222590 and the unpaid interest that has accrued pursuant to 19 U.S.C. § 1505(d), AHAC's liability is limited to the face amount of the STB for Entry No. DZ1-02222590. However, due to its own acts, such as failing to pay upon demand, AHAC is also liable above the contractual limit of the bond for interest pursuant to 19 U.S.C. § 580, and may be liable for equitable interest.

## **COUNT III**

41. Paragraphs 1 through 40 are incorporated by reference as though fully set forth herein.

42. For the reasons set out in paragraphs 43 through 58, Plaintiff's Count III seeks to collect unpaid supplemental duties and interest on the single transaction bond executed by AHAC described below.

CONFIDENTIAL INFORMATION HAS BEEN REDACTED

43. On or about January 4, 2002, Pan Pacific made an entry of preserved mushrooms from China, through the port of San Francisco, California (CBP port code 2809) identified as Entry No. DZ1-02375125.

44. Entry No. DZ1-02375125 was subject to antidumping duties pursuant to the Mushroom Order. *See* 64 Fed. Reg. 8308 (Feb. 19, 1999).

45. At the time of entry, Pan Pacific declared in its entry papers that the exporter for the mushrooms covered by Entry No. DZ1-02375125 was [REDACTED]. Pan Pacific also declared in its entry papers that the merchandise covered by Entry No. DZ1-02375125 was subject to antidumping duties at a rate of [REDACTED] *ad valorem*.

46. AHAC entered into a single transaction bond (STB) with Pan Pacific to secure the duties, taxes, and charges owed on Entry No. DZ1-02375125. A copy of Entry No. DZ1-02375125 is attached as Exhibit I. The STB for Entry No. DZ1-02375125 is attached as Exhibit J.

47. Under the terms of the STB for Entry No. DZ1-02375125, AHAC agreed to be jointly and severally liable for all additional duties, taxes, and charges subsequently found due, legally fixed, and imposed on Entry No. DZ1-02375125 up to the "limit of liability" reflected on the bond. *See* Exhibit J. The limit of liability of the STB for Entry No. DZ1-02375125 is $30,000.00. *Id*.

48. Pan Pacific provided the STB for Entry No. DZ1-02375125 to CBP at the time of entry, in lieu of making a cash deposit of the estimated antidumping duties for Entry No. DZ1-02375125.

8

CONFIDENTIAL INFORMATION HAS BEEN REDACTED

49. On January 11, 2004, Entry No. DZ1-02375125 liquidated by operation of law at the rate of duty, value, quantity, and amount of duty asserted at the time of entry. *See* 19 U.S.C. § 1504(d).

50. On or about September 26, 2014, CBP billed Pan Pacific for the first time for Entry No. DZ1-02375125 in the amount of $29,754.77 for the duties, taxes, and charges owed by Pan Pacific, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Bill No. 46739180 attached as Exhibit K.

51. Pan Pacific did not pay this bill.

52. The bill became delinquent on October 27, 2014, when the debt remained outstanding for over 30 days.

53. On or about February 3, 2016, CBP mailed its first demand on AHAC for Entry No. DZ1-02375125 via the 612 Report for the amount of $30,951.93, which reflected the unpaid duties plus the interest that had accrued since the time the first bills were issued to Pan Pacific (*see* 19 U.S.C. § 1505(d)). *See* 612 Report labeled January 2016 with a run date of February 1, 2016, Exhibit H.

54. The demand issued to AHAC pursuant to the 612 report became delinquent on March 5, 2016, when the debt remained outstanding for over 30 days. *See* 19 U.S.C. § 1505(b); 19 C.F.R. § 113.62(a)(1)(ii); 19 C.F.R. § 24.3a(a); 19 C.F.R. § 24.3(e).

55. CBP demanded payment from AHAC via the 612 Report for the unpaid duties plus interest that had accrued for Entry No. DZ1-02375125, several times thereafter.

56. AHAC did not protest the demand for payment for Entry No. DZ1-02375125.

9

57.     To date, neither Pan Pacific nor AHAC has not made any payments pursuant to their obligations under the law and the STB for Entry No. DZ1-02375125 to pay the outstanding duties and interest owed on Entry No. DZ1-02375125.

58.     For the outstanding debt comprised of the unpaid antidumping duties for Entry No. DZ1-02375125 and the unpaid interest that has accrued pursuant to 19 U.S.C. § 1505(d), AHAC's liability is limited to the face amount of the STB for Entry No. DZ1-02375125. However, due to its own acts, such as failing to pay upon demand, AHAC is also liable above the contractual limit of the bond for interest pursuant to 19 U.S.C. § 580, and may be liable for equitable interest.

WHEREFORE, Plaintiff, United States of America, respectfully requests this Court to enter judgment in its favor on Counts I, II and III, and against Defendant American Home Assurance Company in the total amount of $377,869.75, plus 19 U.S.C. § 1505 pre-judgment interest — up to the contractual limits of the applicable bonds — and interest pursuant to 19 U.S.C. § 580, equitable interest, and post-judgment interest, which are not subject to bond limits; and for all other just and proper relief.

Dated: September 16, 2020

Respectfully Submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

By: /s/ Justin R. Miller
    JUSTIN R. MILLER
    Attorney-in-Charge
    International Trade Field Office

By: /s/ Peter A. Mancuso
    PETER A. MANCUSO
    Trial Attorney
    Department of Justice, Civil Division
    Commercial Litigation Branch
    26 Federal Plaza, Suite 346
    New York, New York 10278
    Tel.: (212) 264-0484 or 9230
    Attorneys for Defendant

Of Counsel:
SUZANNA HARTZELL-BALLARD
STEPHEN C. EDINGER
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection