## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Court No. 20-00175** |
| | ) |
| AMERICAN HOME ASSURANCE | ) |
| COMPANY, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIAL INFORMATION

1. With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order (the Protective Order) pursuant to Rule 26(c) of the U.S. Court of International Trade (USCIT Rules) to govern the disclosure, use, and handling of certain information and items produced and received in discovery in the above-captioned action by the parties and their respective agents, successors, personal representatives and assignees and by any non-party signatories of Exhibit A to this Protective Order, IT IS HEREBY ORDERED as follows:

A. Definitions

    1. "Action" shall mean the above captioned case.

    2. "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information is: (a) not in the public domain, or if in the public domain, is improperly in the public domain; and (b) a trade secret or other confidential research, development, or commercial information as such terms are used in USCIT Rule

26(c)(1)(G), including, but not limited to, proprietary, business, financial, technical, or commercially sensitive information; (c) personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to USCIT Rule 5.2; (d) information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; (e) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files; or (f) information that any party is prohibited from releasing publically pursuant to contractual obligations, applicable statutes, applicable regulations, or directives from the Government.

3.   "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, and disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

4.   "Document" shall mean all items listed in USCIT Rule 34(a)(1)(A) & B.

5.   "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6.   "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

7.   "Producing Party" shall mean the person or party producing in discovery in the Action.

8.   "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

B.  Purpose, Scope, and Limitations of Protective Order

1.   This Protective Order applies to exhibits attached to pleadings, discovery, pre-trial and (to the extent approved by the Court) trial and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds (a) the Parties and their respective agents, successors, personal representatives, and assignees; and (b) any non-party signatories of Exhibit A to this Protective Order.

2.   Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

3.   Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Documents or information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

4.   This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, (c) authentic, or (d) admissible in evidence at trial.

5.   The protections conferred by this Protective Order do not cover any document or information that is (a) properly in the public domain; (b) becomes part of the public domain after

3

its disclosure to a Receiving Party as a result of dissemination or publication not involving a

violation of this Protective Order, including becoming part of the public record in this Action

through trial or otherwise; or (c) known to the Receiving Party prior to the disclosure or obtained

by the Receiving Party after the disclosure from a source who obtained the information lawfully

and under no obligation of confidentiality to the Producing Party.

6.    This Protective Order does not govern the use by the Parties of Confidential

Information in open court at any hearing or trial, but the Parties reserve the right to seek relief

from the Court in connection with the intended use of Confidential Information in any such

hearing or trial.

7.    This Protective Order governs the disclosure, use, and handling of all Confidential

Information, regardless of the format or medium in which such Confidential Information is

generated, stored, or maintained.

8.    Any Confidential Information referenced in any pleading or contained in any

Document filed with the Court in this Action by the Producing Party shall, at the time of filing,

cease to be Confidential Information unless the Producing Party files the un-redacted pleading or

Document under seal.

9.    Nothing in this Protective Order shall restrict the right of any Producing Party to use its

own Confidential Information for any purpose whatsoever, but if any such use results in a

disclosure that causes the Confidential Information to lose its designation as Confidential

Information, then it shall no longer be subject to any protection under this Protective Order.

10. This Protective Order applies only to disclosures, uses, and handling of Confidential

Information occurring after the entry of this Protective Order.

11. Neither the termination of this Action nor the termination of employment of any person

who has had access to any Confidential Information shall relieve such person of his or her

obligations under this Protective Order, which shall survive.

12. Any party may at any time seek modification of this Order by agreement or, failing

agreement, by motion to the Court.

C.  Method for Designating Confidential Information

1.  Designations of Confidential Information shall be made by the Producing Party, prior to

or at the time of production, except as otherwise provided by this Protective Order.

2.  The Designation of Confidential Information should be limited only to those Documents

or portions of Documents that qualify under the appropriate standards or under the definition of

"Confidential Information" in Section A(2) of this Protective Order.

3.  Documents produced in discovery in this Action shall be designated as containing

"Confidential Information."  For documents produced in paper or an electronic form that allows

for endorsements or similar designations on the image, the designation shall appear by the

inclusion of the marking of "Confidential" on each page of the document asserted to contain

Confidential Information.  For electronic information that is provided in native form or a format

that is not amenable to visible endorsement on the image, the file name(s) shall begin with

"Confidential."[1]  The media on which the Confidential Information is provided (*e.g.*, CD, DVD,

external hard drive) also must be and remain plainly labeled with "Confidential" unless and until

the protection of the data within the media is removed.  Any copying or transferring of electronic

files that are designated as Confidential Material must be done in a manner that maintains and

the protection for all copies, including, but not limited to, in the filename(s) and the location

where the copies are stored and users' access thereto.

---

[1] The original metadata of the native files should be retained pursuant to the parties' agreement.

4.  For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "The following response is Confidential pursuant to the Court's Protective Order."

5.  For depositions, designation of Confidential Information shall be made (a) during the deposition on the record and should include reasons for the assertion, or (b) by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information.  The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Confidential."  If the deposition was filmed, both the recording storage medium (*i.e.* CD or DVD) and its container shall be labeled "Confidential."

6.  For any other Document or item produced in discovery in this Action not falling within subparagraphs C(3), (4) or (5) above, designation of Confidential Information shall be made by labeling the item or the item's container with "Confidential."  If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so

6

designated.

7.  If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

D.  Challenging Confidential Designations

1.  A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2.  The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party: (a) written notice of each designation it is challenging; and (b) a description of the basis of each challenge.

3.  The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party.  During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and decide whether to keep or change the designation.  The Designating Party must communicate its decision(s) to the Challenging Party within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

4.  If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

5.  If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 3 above, or as otherwise agreed, either Party may file a motion seeking a

determination from the Court.

6.   Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

E.   Disclosure, Use and Handling of Confidential Information

1.   A Receiving Party may use Confidential Information, in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

2.   Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential information.

3.   Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

      a.   Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

      b.   Current employees of the Parties who are assisting with respect to this Action;

      c.   Any person with prior authorized access to the Confidential Information;

      d.   Current employees of the Producing Party;

      e.   Witnesses, potential witnesses, and deponents, including their counsel;

      f.   Court reporters and other persons not employed by this Court, retained to record

8

or transcribe testimony or argument at interviews, depositions, hearings, or trials in connection with this Action;

   g.  Photocopying, data processing, and other support services that are reasonably necessary to the litigation of this Action;

   h.  Retained expert witnesses or consultants;

   i.  Mediators or arbitrators; and

   j.  This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

4.  Confidential Documents may be shown to persons referenced in subsection (E)(3)(h) (consultants and experts) who are assisting in the preparation of this action on the condition that, before disclosing any confidential information, the disclosing party obtain (1) a signed certification from the consultant or expert stating he or she is not affiliated with any manufacturer or vendor of competitive merchandise, and (2) an agreement in writing to be bound by the provisions of this Protective Order (in the form of Exhibit A hereto).  Confidential Documents may be shown to third party consultants and experts who are affiliated with manufacturers or vendors of competitive merchandise only with prior written consent of the party that produced the confidential information, or upon order of the Court.  For the purposes of this paragraph, the term "affiliated" shall be construed to mean a person currently employed or contractually obligated with/to a manufacturer or vendor of competitive merchandise.

5.  Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

6.  Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be (a) filed under seal or *in camera* in accordance with the Court's Rules and procedures, and/or (b) redacted from any filing that is publicly available.

7.  If a Receiving Party or anyone subject to this Protective Order receives a subpoena under USCIT Rule 45 (or an equivalent mechanism under the laws of any state of the United States or the laws of another country) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person that the Designating Party either (a) does not object to the production of the Confidential Information or (b) will seek appropriate relief or protection from the proper Court to prevent the production.   The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

F.  Inadvertent Production of Confidential Information

1.  Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any document, information or item.  The Parties agree to follow USCIT Rule 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

2.  If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a)

promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

G. Disposition of Documents Containing Confidential Information

1. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.  In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to

this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

    a. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

    b. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order so directs.

    c. In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

Judge's Signature

Dated:_____

<u>For Plaintiff:</u>

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

EDWARD F. KENNY
Senior Trial Counsel

PETER A. MANCUSO
Trial Attorney
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza—Suite 346
New York, NY 10278
T: (212) 264-9230
*Counsel for Plaintiff, United States*

<u>For Defendant:</u>

TAYLOR PILLSBURY, ESQ.
Meeks, Sheppard, Leo & Pillsbury
352 3rd St., Suite 202
Laguna Beach, CA  92651
Tel.: (949) 719-2712
*Counsel for Defendant, American Home
Assurance Company*

13

**EXHIBIT A**

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Court No. 20-00175** |
| | ) |
| AMERICAN HOME ASSURANCE | ) |
| COMPANY, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

CERTIFICATION

1.  My name is_____

2.  I have read the Protective Order that has been entered in this case, and a copy of it has
    been given to me.  I understand the provisions of the Protective Order, and agree to
    comply with and to be bound by its provisions.  I also consent to the jurisdiction of this
    Court for purposes of enforcement of the Protective Order.

3.  I declare under penalty of perjury that the foregoing is true and correct.


Executed this ____ day of _____ by _____
                                               (Print Name)



Signed_____