UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. RICHARD K. EATON, SENIOR JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 20-00175 |
| | : | |
| | : | |
| AMERICAN HOME ASSURANCE COMPANY, | : | |
| | : | |
| Defendant | : | |
| | : | |

## AMERICAN HOME'S AMENDED ANSWER TO COMPLAINT

Defendant American Home Assurance Company ("AHAC") hereby responds to the allegations set forth in the Complaint filed by the Plaintiff United States of America (the "Plaintiff") as follows:

1.     AHAC denies each and every allegation contained in Paragraph 1 of the Complaint, except as follows: AHAC admits that Plaintiff has brought this action and is seeking various forms of relief herein.

2.     AHAC denies each and every allegation contained in Paragraph 2 of the Complaint. Furthermore, AHAC avers that Paragraph 2 of the Complaint states a conclusion of law regarding the Court's jurisdiction, to which no response is required.

3.     Admits.

///

## COUNT I

4.     AHAC denies each and every allegation in Paragraph 4 of the Complaint, except as follows:  to the extent the allegations of Paragraph 4 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

5.     AHAC denies each and every allegation contained in Paragraph 5 of the Complaint, except as follows: AHAC admits that Plaintiff's Count I seeks to collect duties and interest on each of the six single transaction bonds (STBs) executed by AHAC.

6.     AHAC denies each and every allegation contained in Paragraph 6 of the Complaint, except as follows:  AHAC admits that on or about the dates from February 26, 2001 through May 25, 2001 Panjee Co., Ltd. ("Panjee") made entries of preserved mushrooms through the Port of San Francisco, California.

7.     AHAC denies each and every allegation in Paragraph 7 of the Complaint, except as follows: AHAC admits that some or all of the entries in Exhibit A were subject to the antidumping order issued in Department of Commerce ("Commerce") antidumping duty case number A-570-851 and published at 64 Fed. Reg. 8,308.

8.     AHAC denies each and every allegation in Paragraph 8 of the Complaint, except as follows: AHAC states that the entry papers speak for themselves.

9.     AHAC denies each and every allegation in Paragraph 9 of the Complaint, except as follows:  AHAC states that the entry papers that Plaintiff has attached to its Complaint labeled as Exhibit A speak for themselves; AHAC states that the STBs Plaintiff has attached to its Complaint labeled as Exhibit B speak for themselves.

10. AHAC denies each and every allegation in Paragraph 10 of the Complaint, except as follows:  AHAC states that the STBs Plaintiff has attached to its Complaint as Exhibit B speak for themselves.

11. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. AHAC admits that the Count I Entries liquidated by operation of law on February 20, 2003.  Avers that the case cited by Plaintiff, United States v. Am. Home Assur. Co., 151 F. Supp. 3d 1328 (Ct. Int'l Trade 2015), *amended,* (Ct. Int'l Trade Mar. 15, 2016) was affirmed *Per Curium* by the Court of Appeals for the Federal Circuit.  This case is the basis of Defendant's *Res Judicata* claim (see Seventh Affirmative Defense *infra*).

13. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint: AHAC states that the copies of the Count I bills Plaintiff has attached to its Complaint labeled as Exhibit C speak for themselves.

14. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. AHAC denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Admit that on or about July 6, 2015, CBP made its first demand on AHAC for the Court I Entries via the Formal Demand on Surety attached to Plaintiff's Complaint as Exhibit D. Denies that the bills underlying the first demand to AHAC were "Delinquent Amounts Due".

18.     AHAC denies each and every allegation in Paragraph 18 of the Complaint.

19.     AHAC admits that CBP demanded payment from AHAC via the 612 Report for the Court I Entries several times thereafter.  AHAC denies that CBP's demand was for "unpaid debt" but rather for bills generated as a result of CBP's null and void liquidations.

20.     Admit.

21.     Admit that AHAC has not made any payments to CBP for the bills underlying the Count I Entries.  AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegation as to whether Panjee has made any payments to CBP on the bills underlying the Count I Entries.

22.     AHAC denies each and every allegation contained in Paragraph 22 of the Complaint, except as follows: to the extent the allegations of Paragraph 22 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

### COUNT II

23.     AHAC denies each and every allegation in Paragraph 23 of the Complaint, except as follows:  to the extent the allegations of Paragraph 23 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

24.     AHAC denies each and every allegation contained in Paragraph 24 of the Complaint, except as follows: AHAC admits that Plaintiff's Count II seeks to collect duties and interest on a single transaction bonds (STB) executed by AHAC.

25.     Admit.

26.     Admit.

27.     Admit.

4

28.    AHAC denies each and every allegation in Paragraph 28 of the Complaint, except as follows: AHAC states that the entry papers that Plaintiff has attached to its Complaint labeled as Exhibit E speak for themselves; AHAC states that the STB Plaintiff has attached to its Complaint labeled as Exhibit F speaks for itself.

29.    AHAC denies each and every allegation in Paragraph 29 of the Complaint, except as follows: AHAC states that the STB Plaintiff has attached to its Complaint as Exhibit F speaks for itself.

30.    AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.    Admit.  Avers that CBP applied a notation to the entry summary (CF 7501) wherein it states that the deemed liquidation date was October 23, 2004, or 6 months after the issuance of the liquidation instructions (DOC Message 4114201 dated April 23, 2004).  Further avers that this action is time-barred under either deemed liquidation date.

32.    AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint:  AHAC acknowledges that Plaintiff has attached a bill as Exhibit G.

33.    AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.    AHAC denies each and every allegation contained in Paragraph 34 of the Complaint, except as follows: AHAC admits that it has made no payments with respect to supplemental duties or interest in the entry listed in Paragraph 25 of the Complaint, and states that no such supplemental duties is or was owed.

35. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint: AHAC acknowledges that Plaintiff has attached a purported excerpt from AHAC's 612 Demand as Exhibit H. Denies that the bill underlying the first demand to AHAC was "unpaid" as no such supplemental duties is or was owed.

36. AHAC denies each and every allegation contained in Paragraph 36 of the Complaint, except as follows: to the extent the allegations of Paragraph 36 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

37. Admit that CBP demanded payment from AHAC via the 612 Report. Denies that the bill underlying CBP's 612 Reports was "unpaid" as no such supplemental duties is or was owed.

38. Admit.

39. Admit that AHAC has not made any payments to CBP on Entry No. DZ1-0222259-0. AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegation as to whether Pan Pacific has made any payments to CBP on Entry No. DZ1-0222259-0.

40. AHAC denies each and every allegation contained in Paragraph 40 of the Complaint, except as follows: to the extent the allegations of Paragraph 40 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

## COUNT III

41. AHAC denies each and every allegation in Paragraph 41 of the Complaint, except as follows: to the extent the allegations of Paragraph 41 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

42.     AHAC denies each and every allegation contained in Paragraph 42 of the Complaint, except as follows: AHAC admits that Plaintiff has brought this action and is seeking various forms of relief herein.

43.     Admit.

44.     Admit.

45.     AHAC denies each and every allegation in Paragraph 45 of the Complaint, except as follows: AHAC states that the entry papers speak for themselves.

46.     AHAC denies each and every allegation in Paragraph 46 of the Complaint, except as follows:  AHAC states that the entry papers that Plaintiff has attached to its Complaint labeled as Exhibit I speak for themselves; AHAC states that the STB Plaintiff has attached to its Complaint labeled as Exhibit J speaks for itself.

47.     AHAC denies each and every allegation in Paragraph 47 of the Complaint, except as follows:  AHAC states that the STB Plaintiff has attached to its Complaint as Exhibit J speaks for itself.

48.     AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Admit that a deemed liquidation occurred. Avers that the date of the deemed liquidation per CBP was December 11, 2003 per the agency's notation on the entry summary (CF 7501).

50.     AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint: AHAC states that the copy of the bill Plaintiff has attached to its Complaint labeled as Exhibit K speaks for itself.

51.     AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint except as follows:  to the extent the allegations of Paragraph 52 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

53.     Admit that on or about February 3, 2016, CBP made its first demand on AHAC for Entry No. DZ1-0237512-5 via the Formal Demand on Surety attached to Plaintiff's Complaint as Exhibit H.  Denies that the bill underlying the first demand to AHAC was "unpaid" as no such supplemental duties is or was owed.

54.     AHAC denies each and every allegation contained in Paragraph 54 of the Complaint, except as follows: to the extent the allegations of Paragraph 54 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

55.     Admit that CBP demanded payment from AHAC via the 612 Report.  Denies that the bill underlying CBP's 612 Reports was "unpaid" as no such supplemental duties is or was owed.

56.     Admit.

57.     Admit that AHAC has not made any payments to CBP on Entry No. DZ1-0237512-5.  AHAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of the complaint as to whether Pan Pacific has made any payments to CBP on Entry No. DZ1-0237512-5.

58.     AHAC denies each and every allegation contained in Paragraph 58 of the Complaint, except as follows: to the extent the allegations of Paragraph 58 of the Complaint assert conclusions of law and do not assert allegations of fact, no response is necessary.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against AHAC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in this Complaint are barred to the extent they were not interposed within the time allowed by the applicable statutes of limitations and repose.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred under laches due to the unreasonable delay by Plaintiff in bringing this action which has negatively affected Defendant's assertion of rights and defenses.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred to the extent the doctrine of waiver applies.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred under estoppel as Plaintiff is taking a legal position under this action that directly contradicts the courts position in United States v. Am. Home Assur. Co., 151 F. Supp. 3d 1328 (Ct. Int'l Trade 2015), *amended,* (Ct. Int'l Trade Mar. 15, 2016), affirmed *Per Curium* (Ct. No. 2018-1960, Judgement (Fed. Cir. Sept. 6, 2019).

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to provide AHAC with timely and proper notice of the allegations giving rise to the claims in the Complaint, those claims are barred.

///

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are precluded under *Res Judicata* as this action involves the same importer (Panjee), same products (preserved mushrooms), same antidumping case (A-570-851), same antidumping review period (2001 to 2002), same deemed liquidation/Statute of Limitation issue, and same Plaintiff and Defendant as the case cited by Plaintiff in Paragraph 12 of the Complaint, namely United States v. Am. Home Assur. Co., 151 F. Supp. 3d 1328 (Ct. Int'l Trade 2015), *amended,* (Ct. Int'l Trade Mar. 15, 2016), affirmed *Per Curium* (Ct. No. 2018-1960, Judgement (Fed. Cir. Sept. 6, 2019).

### EIGHTHAFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred to the extent that Plaintiff has failed to join one or more indispensable parties, namely the bond principals (Panjee and Pan Pacific) through which Defendant's liability flows.

### NINTH  AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to pre-judgment or post-judgment interest.

### TENTH AFFIRMATIVE DEFENSE

The debts that Plaintiff claims it is owed arose solely and proximately by Plaintiff's own errors and contributory negligence in handling the entries and bonds referred to in the Complaint.

### ADDITIONAL AFFIRMATIVE DEFENSES

AHAC reserves the right to raise additional affirmative and other defenses as they are discovered or otherwise become available.

**WHEREFORE**, having fully answered the allegations contained in the Complaint, AHAC respectfully requests that this Court issue and Order finding and holding as follows:

1. That the Complaint is dismissed, with prejudice, as against AHAC.

2. That AHAC is awarded its costs incurred herein; and

3. That AHAC is awarded such further relief as this Court deems just and proper.

Dated: January 25, 2021                    Respectfully submitted,


/s/
Michael Jackson
Taylor Pillsbury
Meeks Sheppard Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA  92651
Phone: (949) 719-2712
Facsimile: (949) 719-2715
*Attorneys for American Home Assurance Company*

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

MICHAEL JACKSON certifies that I am a trial attorney with the firm of Meeks, Sheppard, Leo & Pillsbury, with offices located at 352 3rd Street, Suite 202, Laguna Beach, CA 92651, and that on January 25, 2021 on behalf of American Home Assurance Company, defendant herein, I caused the annexed Amended Answer to be served upon:

Peter A. Mancuso, Esq.
CIVIL DIVISION, DEPT. OF JUSTICE
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, NY 10278
Ph:  (212) 264-9230 or 264-9237

the attorneys for the Plaintiff herein by the deposit of a copy thereof in a United States mail receptacle, properly enclosed in a secure envelope, duly stamped or postage prepaid, addressed to said attorneys as above indicated.

/s/<u>Michael Jackson</u>