UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE RICHARD K. EATON, *SENIOR JUDGE*

———————————————————————————

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Court No. 20-00175 |
| | : | |
| v. | : | **PUBLIC VERSION** |
| | : | |
| AMERICAN HOME ASSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

———————————————————————————

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Rule 56.3 of the Rules of the United States Court of International Trade (USCIT) requires that motions for summary judgment include a separate statement of material facts as to which it contends there exists no genuine issue to be tried. In this case, there are no material facts as to which there exists a genuine issue to be tried, and the issues are amenable to resolution through dispositive motions. The pertinent undisputed facts of this case are as follows:

1. Between February 26, 2001 and May 25, 2001, importer Panjee Co., Ltd. (Panjee) made six entries of preserved mushrooms from the People's Republic of China (China) through the port of San Francisco, California (CBP port code 2809) (the Panjee Entries). *See* Compl. ¶6; Amended Answer ¶6; Pl. Ex. 1.

2. The Panjee Entries were subject to the antidumping duty order on certain preserved mushrooms from China issued by the Department of Commerce (Commerce) (A-570-851) (the Mushroom Order). *See Notice of Amendment of Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms From the People's Republic of China*, 64 Fed. Reg. 8,308 (Dep't Commerce Feb. 19, 1999); Compl. ¶7; Amended Answer ¶7.

CONFIDENTIAL INFORMATION HAS BEEN REDACTED

3.      At the time of entry, Panjee asserted in its entry papers that the exporter for the

mushrooms in the six Panjee Entires was ███████████████████████████████████████████ .

*See* Compl. ¶8; Amended Answer ¶8; Pl. Ex. 1; Pl. Ex. 3 ¶8.

4.      At the time of entry, Panjee asserted in its entry papers that the merchandise

covered by the Panjee Entries was subject to antidumping duties at a rate of ██████ percent *ad*

*valorem.   See* Compl. ¶8; Amended Answer ¶8; Pl. Ex. 1; Pl. Ex. 3 ¶9.

5.      The amount of antidumping duties asserted by Panjee at the time of entry is

reflected as follows:

| Entry Number | Amount of Antidumping Duties Asserted at the Time of Entry |
|---|---|
| DZ102201396 | $73,034.27 |
| DZ102215404 | $68,650.51 |
| DZ102222558 | $34,108.74 |
| DZ102226807 | $71,298.24 |
| DZ102239149 | $34,851.62 |
| DZ102255350 | $34,851.62 |
| **Total** | $316,795.00 |

*See* Pl. Ex. 1; Pl. Ex. 3 ¶10.

6.      Defendant, American Home Assurance Company (AHAC), entered into six single

transaction bonds (STBs) with Panjee (the Panjee STBs) to secure the duties, taxes, and charges

owed on each of the Panjee Entries.  *See* Compl. ¶9; Amended Answer ¶9; Pl. Ex. 1; Pl. Ex. 2.

7.      Under the terms of the Panjee STBs, AHAC agreed to be jointly and severally

liable to pay, as demanded by U.S. Customs and Border Protection (CBP), any duties, taxes, and

charges subsequently found due, legally fixed, and imposed on each of the Panjee Entries up to

the "limit of liability" reflected on the bonds.  *See* Compl. ¶10; Amended Answer ¶10; Pl. Ex. 2.

8.      The amount of the STBs that Panjee obtained for each entry is reflected as

follows:

| Entry Number | Amount of the STBs Issued by AHAC to Panjee |
|---|---|
| DZ102201396 | $73,035.00 |
| DZ102215404 | $68,651.00 |
| DZ102222558 | $35,000.00 |
| DZ102226807 | $71,299.00 |
| DZ102239149 | $34,852.00 |
| DZ102255350 | $34,852.00 |
| **Total** | $317,689.00 |

Pl. Ex. 2.

9.     Panjee provided the Panjee STBs to CBP at the time of entry in lieu of making cash deposits of estimated antidumping duties for each of the Panjee entries.  Pl. Ex. 3 ¶11; *See Certain Preserved Mushrooms From the People's Republic of China: Initiation of New Shipper Antidumping Duty Review*, 65 Fed. Reg. 17,257 (Dep't Commerce March 31, 2000).

10.     On February 20, 2003, the Panjee Entries liquidated by operation of law (also known as deemed liquidation) at the rate of duty, value, quantity, and amount of duty asserted at the time of entry.  *United States v. Am. Home Assurance Co.*, 151 F. Supp. 3d 1328, 1342–43 (Ct. Int'l Trade 2015), *amended*, (Ct. Int'l Trade March 15, 2016), *aff'd*, Fed Cir. Appeal No. 18-1960 at Doc. 66 (judgment affirmed Sept. 6, 2019, pursuant to Federal Circuit Rule 36); *see also* Compl. ¶12; Amended Answer ¶12.

11.     Panjee became liable for $316,795.00 in antidumping duties as a result of the deemed liquidations.  *See* Pl. Ex. 3 ¶¶12, 13.

12.     On September 26, 2014, CBP billed Panjee for the first time for the antidumping duties owed on each of the Panjee Entries.  *See* Pl. Ex. 3 ¶14; Pl. Ex. 4

13.     Panjee did not pay any of the outstanding debt.  *See* Pl. Ex. 3 ¶15.

CONFIDENTIAL INFORMATION HAS BEEN REDACTED

14.     On July 6, 2015, CBP made its first demand for payment from AHAC for the debt owed under the Panjee STBs via the Formal Demand on Surety for Payment of Delinquent Amounts Due (known as the "612 Report").  *See* Compl. ¶17; Amended Answer ¶17; Pl. Ex. 3 ¶16; Pl. Ex. 5.

15.     On the date the 612 Report was sent to AHAC, the amount of the outstanding debt owed by Panjee, calculated in accordance with the deemed liquidations of the entries at the rate of ████ percent *ad valorem*, plus interest that has accumulated on the debt pursuant to 19 U.S.C. § 1505(d), was $323,903.48, and exceeded the face value of the Panjee STBs.  *See* Compl. ¶17; Amended Answer ¶17; Pl. Ex. 3 ¶17; Pl. Ex. 5.

16.     To date, AHAC has not made any payment involving the outstanding debt for the Panjee Entries.  *See* Compl. ¶21; Amended Answer ¶21; Pl. Ex. 3 ¶18.

17.     As of the date of the filing of the complaint in this action, the outstanding debt owed by Panjee for the Panjee Entries, calculated in accordance with the deemed liquidations of the entries at the rate of ████ percent *ad valorem*, plus interest that has accumulated on the debt pursuant to 19 U.S.C. § 1505(d), was $405,690.35.  Pl. Ex. 3 ¶32.

18.     AHAC filed a protest concerning the demand for payment for the Panjee Entries but by letter dated November 19, 2019, AHAC requested to withdraw its protests.  Compl. ¶20; Amended Answer ¶20.

19.     Between March 31, 2001 and January 4, 2002, importer Pan Pacific Products Inc. (Pan Pacific) made two entries of preserved mushrooms from China, through the port of San Francisco, California (CBP port code 2809) identified as Entry No. DZ1-02222590 and Entry No. DZ1-02375125 (the Pan Pacific Entries).  *See* Compl. ¶¶25, 43; Amended Answer ¶¶25, 43; Pl. Ex. 6.

CONFIDENTIAL INFORMATION HAS BEEN REDACTED

20.     The Pan Pacific Entries were subject to the Mushroom Order.  *See* 64 Fed. Reg. 8,308 (Dep't Commerce Feb. 19, 1999); *See* Compl. ¶¶26, 44; Answer ¶¶26, 44; Pl. Ex. 6.

21.     At the time of entry, Pan Pacific asserted in its entry papers that the exporter for the imported merchandise covered by Entry No. DZ1-02222590 was ▮▮▮▮▮▮▮▮ (the same exporter as the Panjee Entries) and that the exporter for the imported merchandise covered by Entry No. DZ1-02375125 was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See* Compl. ¶¶27, 45; Amended Answer ¶¶27, 45; Pl. Ex. 3 ¶20; Pl. Ex. 6.

22.     At the time of entry, Pan Pacific asserted in its entry papers that the merchandise covered by both Pan Pacific Entries was subject to antidumping duties at a rate of ▮▮▮ percent *ad valorem.  See* Compl. ¶¶27, 45; Amended Answer ¶¶27, 45; Pl. Ex. 3 ¶21; Pl. Ex. 6.

23.     The amount of antidumping duties asserted by Pan Pacific at the time of entry is reflected as follows:

| Entry Number | Amount of Antidumping Duties Asserted at the Time of Entry |
|---|---|
| DZ102222590 | $31,319.98 |
| DZ102375125 | $29,754.77 |
| **Total** | $61,074.75 |

*See* Pl. Ex. 3 ¶22; Pl. Ex. 6.

24.     Defendant, AHAC, entered into two STBs with Pan Pacific (the Pan Pacific STBs) to secure the duties, taxes, and charges owed on both Pan Pacific Entries.  *See* Compl. ¶¶28, 46; Amended Answer ¶¶28, 46; Pl. Ex. 7.

25.     Under the terms of the Pan Pacific STBs, AHAC agreed to be jointly and severally liable to pay, as demanded by CBP, any duties, taxes, and charges subsequently found due, legally fixed, and imposed on each of the Pan Pacific Entries up to the "limit of liability" reflected on the bonds.  *See* Compl. ¶¶29, 47; Amended Answer ¶¶29, 47; Pl. Ex. 7.

26.     The amount of the STBs that Pan Pacific obtained for each entry is reflected as

follows:

| Entry Number | Amount of the STBs Issued by AHAC to Pan Pacific |
|---|---|
| DZ102222590 | $31,320.00 |
| DZ102375125 | $30,000.00 |
| Total | $61,320.00 |

Pl. Ex. 7.

27.     Pan Pacific provided the Pan Pacific STBs to CBP at the time of entry, in lieu of

making a cash deposit of the estimated antidumping duties for Pan Pacific Entries.  *See* Pl. Ex. 3

¶23; 65 Fed. Reg. 17,257 (Dep't Commerce March 31, 2000); *Certain Preserved Mushrooms*

*From the People's Republic of China: Initiation of New Shipper Antidumping Duty Review and*

*Partial Rescission of Administrative Review*, 66 Fed. Reg. 17,406 (Dep't Commerce March 30,

2001).

28.     Between February 20, 2003 and January 11, 2004, the Pan Pacific Entries deemed

liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry.

*See AHAC 2016*, 151 F. Supp. 3d at 1342–43; Compl. ¶¶31, 49; Amended Answer ¶¶31, 49.

29.     Pan Pacific became liable for $61,074.75 in antidumping duties as a result of the

deemed liquidations.  *See* Pl. Ex. 3 ¶25.

30.     On September 26, 2014, CBP billed Pan Pacific for the first time for the

antidumping duties owed on each of the Pan Pacific Entries.  *See* Pl. Ex. 3 ¶26; Pl. Ex. 8.

31.     Pan Pacific did not pay any of the outstanding debts.  *See* Pl. Ex. 3 ¶27.

32.     On February 3, 2016, CBP made its first demand for payment from AHAC for the

debt owed under the Pan Pacific STBs via the 612 Report.  *See* Compl. ¶¶35, 53; Amended

Answer ¶¶35, 53; Pl. Ex. 3 ¶28; Pl. Ex. 9.

CONFIDENTIAL INFORMATION HAS BEEN REDACTED

33.     On the date the 612 Report was sent to AHAC, the amount of the outstanding debt owed by Pan Pacific, calculated in accordance with the deemed liquidations of the entries at the rate of ███ percent *ad valorem*, plus interest that has accumulated on the debt pursuant to 19 U.S.C. § 1505(d), was $63,532.05, and exceeded the face value of the Pan Pacific STBs.  *See* Compl. ¶¶35, 53; Amended Answer ¶¶35, 53; Pl. Ex. 3 ¶29; Pl. Ex. 9.

34.     To date, AHAC has not made any payment involving the outstanding debt for the Pan Pacific Entries.  *See* Compl. ¶¶39, 57; Amended Answer ¶¶39, 57; Pl. Ex. 3 ¶30.

35.     As of the date of the filing of the complaint in this action, the outstanding debt owed by Pan Pacific for the Pan Pacific Entries, calculated in accordance with the deemed liquidations of the entries at the rate of ███ percent *ad valorem*, plus interest that has accumulated on the debt pursuant to 19 U.S.C. § 1505(d), was $78,212.84.  Pl. Ex. 3 ¶33.

36.     Neither AHAC nor Pan Pacific protested the demand for payment for the Pan Pacific Entries.  Compl. ¶¶38, 56; Amended Answer ¶¶38, 56; Pl. Ex. 3 ¶31.

*Plaintiff's Statement of Undisputed Material Facts: United States v. American Home Assurance Company, Court No. 20-00175*

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Justin R. Miller
By:   JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Peter A. Mancuso
PETER A. MANCUSO
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
Tel. (212) 264–0484 or 9230
Attorneys for Plaintiff

Of Counsel:
SUZANNA HARTZELL-BALLARD
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

Dated: February 5, 2021

8