UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

_____
                                               :
UNITED STATES OF AMERICA,                      :
                                               :
                      Plaintiff                :
                                               :
                      v.                       :        Court No. 20-00175
                                               :
AMERICAN HOME ASSURANCE COMPANY,               :
                                               :
                      Defendant                :
                                               :
_____:

## <u>**ORDER**</u>

Upon reading the defendant American Home Assurance Company's (AHAC) Cross-Motion for Summary Judgment, and upon consideration of other papers and proceedings had herein, it is hereby

ORDERED that defendant AHAC's Motion be granted; and it is further

ORDERED that summary judgment in this action shall be entered for defendant AHAC, and it is further

ORDERED that plaintiff shall pay defendant costs of suit pursuant to 28 U.S.C. §2412, and it is further

ORDERED that this action is dismissed

_____
                      Richard K. Eaton, Judge

Dated:  New York, New York
        This _____ day of _____, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Court No. 20-00175 |
| | : | |
| AMERICAN HOME ASSURANCE COMPANY, | : | |
| | : | |
| Defendant | : | |
| | : | |

---

## DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, American Home Assurance Company (AHAC), pursuant to Rule 56 of the Rules of the United States Court of International Trade, moves this Court for summary judgment against plaintiff, United States of America. Summary judgment in favor of defendant is appropriate because there are no genuine issues of material fact, and defendant is entitled to judgment in its favor as a matter of law, as explained in the accompanying memorandum of law.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

———————————————————————————
                                                    :

UNITED STATES OF AMERICA,           :
                                                      :

                 Plaintiff         :

                                                      :

                 v.              :      Court No. 20-00175

                                                      :

AMERICAN HOME ASSURANCE COMPANY,  :

                                                    :

                Defendant     :

                                                      :
———————————————————————————:

## **DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND ITS MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Taylor Pillsbury
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Michael B. Jackson
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Attorneys for Defendant
American Home Assurance
Company

Dated:  March 12, 2021

# **TABLE OF CONTENTS**

STATEMENT OF THE CASE……………………………………………………...………2

    I.       INTRODUCTION ………………………………………………...………..2

    II.      UNDISPUTED FACTS…………………………………………………..……2

          A.  The Panjee Entries………………………………………………..…..2

          B.  The Pan Pacific Entries……………………………………….……..4

ISSUES PRESENTED…………………………………………………………...……..6

SUMMARY OF THE ARGUMENT………………………………………………......7

ARGUMENT…………………………………………………………………..……...8

    I.       SUMMARY JUDGMENT STANDARD…………………………..………8

    II.      RES JUDICATA PRECLUDES THE GOVERNMENT FROM RELITIGATING CLAIMS IT COULD HAVE RAISED IN PRIOR COURT ACTIONS……….10

    III.    THE GOVERNMENT'S CLAIMS ARE TIME BARRED BY THE STATUTE OF LIMITATIONS……………………………………………………..…15

          A.  The Government's Right of Action Against AHAC Accrued Upon The Deemed Liquidation Of The Entries……………………………….15

          B.  The Government's New Theory Upon Which The Right of Action Accrues Is Without Precedent for Duty Bills………………………16

    IV.    CONCLUSION…………………………………………………….……...21

# TABLE OF AUTHORITIES

**Cases**

United States v. Am. Home Assurance Co.,
    151 F.Supp. 3d 1328, 1342-43 (Ct. Int'l Trade 2015), amended, (Ct. Int'l Trade March
    15, 2016) (hereinafter, AHAC 2016), *aff'd per curium*, Fed Cir. Appeal No. 18-1960 &
    18-2120 (judgment affirmed Sept. 6, 2019)…………..…3,4,6,7,8,10,11,12,13,15,20,21

Celotex Corp. v. Catrett,
    477 U.S. 317, 322-23 (1986)………………………...……………………………….9

A.D. Sutton & Sons v. United States,
    Slip Op. 2008-78, 2008 WL 2751236, 4-5 (CIT July 16, 2008)…………….…………9

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242, 247-48 (1986)……………………………………...……………….9

PS Chez Sidney, L.L.C. v. Int'l Trade Comm'n,
    442 F. Supp.2d 1329, 1348 (CIT 2006)…………………………..……………….9

Allied Int'l v. United States,
    795 F. Supp. 449, 451 (CIT 1992)………………………………..……………….9

First Nat'l Bank of Arizona v. Cities Service Co.,
    391 U.S. 253, 288-89 (1968)………………………………….…..……………….9

Geiserman v. MacDonald,
    893 F.2d 787, 792 (5th Cir. 1990)………………………………...……………….9

Ricci v. DeStefano,
    129 S. Ct. 2658, 2677 (2009)……………………………………….……………….9

Matsushita Elec. Indus. Co. v. Zenith Radio,
    475 U.S. 574, 586 (1986)……………………………………...………………….9

Processed Plastic Co. v. United States,
    395 F. Supp.2d 1296, 1131 (CIT 2005)……………………………….……………….9

Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.,
    731 F.2d 831, 835-36 (Fed Cir. 1984)…………………………..………………….9

Ammex, Inc. v. U.S.
    334 F.3d 1052 (Fed. Cir. 2003)………………………………………….……10

Federated Dep't Stores, Inc. v. Moitie,

452 U.S. 394, 398 (1981)..................................................................10

Young Eng'rs, Inc. v. United States Int'l Trade Comm'n,
        721 F.2d 1305, 1314 (Fed. Cir. 1983)..............................................10

Migra v. Warren City School Dst. Bd. Of Educ.,
        465 U.S. 75, 77 (1984)...............................................................10

Parklane Hosiery Co. v. Shore,
        439 U.S. 322, 326 (1979)...........................................................10

Jet, Inc. v. Sewage Aeration Sys.,
        223 F.3d 1360, 1362 (Fed. Cir. 2000)............................................10

Herrmann v. Concom Cable Assocs., Inc.
        999 F.2d 223, 226 (7th Cir. 1993).................................................11

Parsons Steel, Inc. v. First Ala. Bank,
        474 U.S. 518, 521 (1986))..........................................................11

Nevada v. United States,
        463 U.S. 110, 128-30 (1983)......................................................11

Lawlor v. Nat'l Screen Serv. Corp.,
        349 U.S. 322, 326 (1955)...........................................................11

United States v. Haytian Republic,
        154 U.S. 118, 125 (1894)...........................................................11

United States v. Aegis Security Insurance Company,
        Ct. Int'l Trade No. 20-03628......................................................14

United States v. Ataka America, Inc.,
        17 CIT 598, 826 F.Supp. 495 (1993)......................................15,17,18

United States v. Great American Insurance Co. of NY,
        35 CIT 1130, 791 F.Supp.2d 1337, 1344 (2011).........................15

United States v. Cocoa Berkau, Inc.,
        990 F.2d 610 (Fed. Cir. 1993)..........................................16,17,18

Unexcelled Chem. Corp. v. United States,
        345 U.S. 59 (1953)..................................................................16

U.S. v. Commodities Export Co.,
        972 F.2d 1266 (Fed. Cir. 1992)........................................16,17,18

<u>United States v. Cherry Hill Textiles, Inc.</u>,
   112 F.3d 1550 (Fed. Cir. 1997)…………………………………………………18,19

<u>Lyell Theatre Corp. v. Lowes Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982)……………..…………19

<u>United States v. Utex Int'l Inc.</u>,
   857 F.2d 1408, 1412 (Fed. Cir. 1988)……………………………………...……20

## **Statutes**

19 U.S.C. §580…………………………………………………………………1,2,8,18

28 U.S.C. §1961……………………………………………………………….1,2,18

19 U.S.C. §1504(d)……………………………………………………………….3,6,18

19 U.S.C. §1505(b)………………………………………………………………..18,20

28 U.S.C. §2415(a)……………………………………………………………12,15,20

19 U.S.C. §1501………………………………………………………………………18

## **Rules**

USCIT R. 56……………………………………………………...………………………1,8

## **Regulations**

19 C.F.R. §113.62(a)…………………………………………….……………………….20

## **Other Authorities**

Notice of Amendment of Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms From the People's Republic of China, 64 Fed. Reg. 8,308 (Dep't Commerce Feb. 19, 1999)…………………………………….……………..3,5

Certain Preserved Mushrooms From the People's Republic of China: Initiation of New Shipper Antidumping Duty Review, 65 Fed. Reg. 17,257 (Dep't Commerce March 31, 2000)…………3

Certain Preserved Mushrooms from the People's Republic of China: Initiation of New Shipper Antidumping Duty Review and Partial Rescission of Administrative Review, 66 Fed. Reg. 17,406 (Dep't Commerce March 30, 2001)…………………………………………...……5

Restatement (Second) of Judgments §18 & 24 (1982)…………………………………10,11

iv

T.D. 95-21, dated April 17, 1995………………………………………………………………...19

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Court No. 20-00175 |
| AMERICAN HOME ASSURANCE COMPANY, | : | |
| Defendant | : | |

---

## **DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND ITS MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, American Home Assurance Company (AHAC), respectfully submits this memorandum of law in response to the plaintiff United States of America (the Government) motion for summary judgment and in support of AHAC's cross-motion for summary judgment pursuant to Rule 56 of the Rules of the United States Court of International Trade (USCIT). In this action, the Government seeks to collect antidumping duties plus statutory interest pursuant to 19 U.S.C. §580 and post-judgment interest pursuant to 28 U.S.C. §1961 against AHAC under eight (8) single transaction bonds (STBs). We respectfully request that this Court enter judgment for AHAC, dismiss the Government's case and award legal costs and expenses to AHAC.

///

///

1

## STATEMENT OF THE CASE

### I.    INTRODUCTION

In this action, the Government seeks to collect antidumping duties plus interest pursuant to 19 U.S.C. §580 and 28 U.S.C. §1961 on eight (8) STBs issued by AHAC as surety to two (2) importers – Panjee Co., Ltd. (Panjee) and Pan Pacific Products Inc. (Pan Pacific).   The merchandise underlying the eight (8) entries, made between February 26, 2001 through January 4, 2002, consisted of canned mushrooms from the People's Republic of China (China) subject to an antidumping duty order on certain preserved mushrooms from China issued by the U.S. Department of Commerce (Commerce).   Now, two (2) decades later the Government seeks to collect against the eight (8) STBs although: (1) the issues involving the same operative facts have already been litigated in this Court in AHAC's favor; (2) judicial precedent demonstrates the untimeliness of the Government's claims; (3) the Government's new right of action analysis is based on flawed logic and would result in prejudice to sureties; and (4) the Government would be rewarded for its untimely actions (both liquidation and billing) by collecting on the full bond amount as well as interest under 19 U.S.C. §580 and 28 U.S.C. §1961.   We respectfully request that this Court enter judgment for AHAC, dismiss this action and award legal costs and expenses to AHAC.

### II.    UNDISPUTED FACTS

#### A.  The Panjee Entries

Between February 26, 2001 through May 25, 2001, the importer Panjee made six (6) entries of preserved mushrooms from China at the Port of San Francisco, California (Port Code 2809) (Panjee entries).  See Compl. ¶6; Amended Answer ¶6. The Panjee entries were subject to

the antidumping duty order on certain preserved mushrooms from China issued by Commerce (A-570-851).   See Notice of Amendment of Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms From the People's Republic of China, 64 Fed. Reg. 8,308 (Dep't Commerce Feb. 19, 1999) (Mushroom Order); See also Compl. ¶7; Amended Answer ¶7.

The exporter for the mushrooms underlying the six (6) Panjee entries was Raoping Xingyu Foods Co., Ltd. (Raoping Xingyu).  See Compl. ¶8; Amended Answer ¶8.  At the time of entry, Panjee asserted that the mushrooms were subject to antidumping duties at a rate of 198.63% *ad valorem*. Id.  AHAC issued six (6) STBs with Panjee to secure the duties, taxes and charges owed on each of the Panjee entries.  See Compl. ¶9; Amended Answer ¶9.  The amount of antidumping duties asserted by Panjee at the time of entry was roughly in proportion to the amount of the STBs issued by AHAC to Panjee.  See Compl. ¶10; Amended Answer ¶10; See also Pl. Ex. 2 and 3.  Panjee provided the STBs to U.S. Customs & Border Protection (CBP) at the time of entry in lieu of making a cash deposit of estimated antidumping duties for each of the Panjee entries.  See Certain Preserved Mushrooms From the People's Republic of China: Initiation of New Shipper Antidumping Duty Review, 65 Fed. Reg. 17,257 (Dep't Commerce March 31, 2000).

On February 20, 2003, the Panjee entries liquidated by operation of law (deemed liquidation) at the rate of duty, value, quantity, and amount of duty asserted at the time of entry. See 19 U.S.C. §1504(d); United States v. Am. Home Assurance Co., 151 F.Supp. 3d 1328, 1342-43 (Ct. Int'l Trade 2015), amended, (Ct. Int'l Trade March 15, 2016) (hereinafter, AHAC 2016), *aff'd per curium*, Fed Cir. Appeal No. 18-1960 & 18-2120 (judgment affirmed Sept. 6, 2019).

See Compl. ¶12; Amended Answer ¶12.  As a result of the deemed liquidation, the Panjee entries liquidated at the same rate as entered, 198.63% *ad valorem*.  See Pl. Ex. 3 ¶¶12, 13.

More than eleven (11) years after the deemed liquidations, on September 26, 2014, CBP reliquidated the entries and billed Panjee for the antidumping duties owed on each of the subject Panjee entries.  See Pl. Ex. 3 ¶14; Pl. Ex. 4.  Panjee, a California Company that dissolved on March 28, 2003, failed to pay the antidumping duties owed on each of the Panjee entries.  See Amended Answer ¶15.  See also Exhibit 2, Certificate of Dissolution for Panjee Co. Ltd.

Approximately ten (10) months after Panjee was billed, on July 6, 2015, CBP made its first demand for payment from AHAC under the Panjee STBs via the C.F. 612 Formal Demand. See Compl. ¶17; Amended Answer ¶17; Pl. Ex. 3 ¶16; Pl. Ex. 5.  On the first C.F. 612 Report, the bills underlying the Panjee entries were calculated in accordance with the deemed liquidation of the entries at a rate of 198.63% *ad valorem*, plus interest under 19 U.S.C. §1504(d).  The bill total was $323,903.48 which exceeded the face value of the STBs for the Panjee entries.

In reliance on the CIT's decision in AHAC 2016 and affirmed *per curium* by the Federal Court of Appeals for the Federal Circuit (CAFC) on September 6, 2019 (deemed liquidation/expiration Statute of Limitations), involving other Panjee entries secured by AHAC bond(s) with the same exporter (Raoping Xingyu) and antidumping period of review (POR), AHAC did not to make payment to CBP for the bills based on reliquidation of the Panjee entries. See Compl. ¶21; Amended Answer ¶21; Pl. Motion Summary Judgment, page 7, footnote 4.

**B.  The Pan Pacific Entries**

On March 31, 2001 and January 4, 2002, the importer Pan Pacific made two (2) entries of preserved mushrooms from China at the Port of San Francisco, California (Port Code: 2809) (Pan Pacific entries). See Compl ¶25, 43; Amended Answer ¶25, 43; Pl. Ex. 6.  The Pan Pacific

4

entries were subject to antidumping duties pursuant to the Mushroom Order.  See 64 Fed. Reg. 8,308 (Dep't of Commerce Feb. 19, 1999); Compl. ¶¶26, 44; Amended Answer ¶¶26, 44; Pl. Ex. 6.  One (1) of the entries was exported by Raoping Xingyu (same exporter as Panjee entries) and the other entry was exported by Shenxian Dongxing Foods Co., Ltd. (Shenxian Dongxing).  See Compl. ¶¶27, 45; Amended Answer ¶¶27, 45; Pl. Ex. 3 ¶20; Pl. Ex. 6.  Pan Pacific asserted that the merchandise underlying both Pan Pacific entries was subject to antidumping duties at a rate of 198.63% *ad valorem*.  See Compl. ¶¶27, 45; Amended Answer ¶¶27, 45; Pl. Ex. 3 ¶21; Pl. Ex. 6.

AHAC issued two (2) STBs with Pan Pacific to secure the duties, taxes, and charges owed on both Pan Pacific entries.  See Compl. ¶¶28, 46; Amended Answer ¶28, 46; Pl. Ex. 7.  The amount of antidumping duties asserted by Pan Pacific at the time of each entry was roughly proportionate to the amount of the STBs issued by AHAC to Pan Pacific.  See Pl. Ex. 3 ¶22; Pl. Ex. 6; Pl. Ex. 7.

Pan Pacific provided the two (2) STBs to CBP at the time of entry, in lieu of making a cash deposit of the estimated antidumping duties for the Pan Pacific entries.  See Pl. Ex. 3 ¶23; 65 Fed. Reg. 17,257 (Dep't Commerce March 31, 2000); Certain Preserved Mushrooms from the People's Republic of China: Initiation of New Shipper Antidumping Duty Review and Partial Rescission of Administrative Review, 66 Fed. Reg. 17,406 (Dep't Commerce March 30, 2001).  On February 20, 2003 and January 11, 2004, the Pan Pacific entries deemed liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry.  See AHAC 2016, 151 F.Supp. 3d 1342-43; Compl. ¶¶31, 49; Amended Answer ¶¶31, 49; See also Pl. Motion Summary Judgment, page 7, footnote 7.  The Pan Pacific entries were deemed liquidated at the same 198.63% *ad valorem* antidumping duty rate as entered.

Approximately eleven (11) years after the deemed liquidations, on September 26, 2014, CBP reliquidated the entries and billed Pan Pacific for the antidumping duties on each of the two (2) Pan Pacific entries.  See Pl. Ex. 3 ¶26; Pl. Ex. 8.  Pan Pacific, which dissolved on December 2, 2002, failed to pay CBP the antidumping duties on the Pan Pacific entries.  See Amended Answer ¶¶33, 51. See also Certificate of Dissolution of Pan Pacific Products, Inc., Exhibit 3.

Approximately a year and a half after the Pan Pacific bills were issued, on February 3, 2016, CBP made its first demand for payment from AHAC for the antidumping duties underlying the Pan Pacific entries. These bills were calculated in accordance with the deemed liquidation of the entries at a rate of 198.63% *ad valorem*, plus interest under 19 U.S.C. §1504(d). The bill total of $63,532.05 exceeded the face value of the STBs for the Pan Pacific entries.  See Compl. ¶¶35, 53; Amended Answer ¶¶35, 53; Pl. Ex. 3 ¶29; Pl. Ex. 9.

In reliance on the CIT's decision in AHAC 2016 and affirmed *per curium* by the Federal Court of Appeals for the Federal Circuit (CAFC) on September 6, 2019 (deemed liquidation/expiration Statute of Limitations), involving other Pan Pacific entries secured by AHAC bond(s) with the same exporters (Raoping Xingyu and Shenxian Dongxing) and antidumping period of review (POR), AHAC did not to make payment to CBP for the bills based on the reliquidations of the Pan Pacific entries.  See Compl. ¶39, 57; Amended Answer ¶39, 57; Pl. Motion Summary Judgment, page 7, footnote 4.

## ISSUES PRESENTED

(1) Whether this Court's decision in AHAC 2016, under the doctrine of *res judicata*, precludes the Government from relitigating the issue of whether the Statute of Limitations expires six (6) months after a deemed liquidation.

(2) *Arguendo*, if the Government is not precluded from bringing its claims under *res judicata*, whether the Government's right of action against AHAC under the Statute of Limitations accrued when the Panjee and Pan Pacific entries were deemed liquidated or when the Government later billed AHAC and AHAC failed to make payment to CBP within thirty (30) days.

## SUMMARY OF THE ARGUMENT

This action is an attempt by the Government to relitigate an issue that was decided by this Court in AHAC 2016 and affirmed *per curium* by the CAFC. AHAC 2016 represents a valid final judgment for this same plaintiff, same defendant, same principal/importers, same product, same suppliers, same antidumping POR, same method of bill calculation (198.63% *ad valorem* assessed on preserved mushrooms) and the same issue: whether the Statute of Limitations applicable to the Government's claims expired six (6) years after the entries deemed liquidated on February 20, 2003 and January 11, 2004. Now, under a new legal theory, plaintiff is attempting to overturn the decision in AHAC 2016 and collect antidumping duties plus interest on the handful of Panjee and Pan Pacific entries that the Government had failed to include within AHAC 2016 and the cases consolidated under it.

As this court ruled in AHAC 2016, the Government's action in this case was not commenced within six (6) years of the deemed liquidations, hence the action is untimely. Notwithstanding, the Government's new position is that the right of action to collect upon a bond does not begin to accrue until the Government unilaterally decides to place a bill surety's demand. Under the plaintiff's novel theory, the bills, as in this case, may be legally void and issued at any time. This position has no judicial precedent as it relates to increased duty bills and

the ramifications of such a change in law would be severely prejudicial to sureties who rely on a degree of certainty when it comes to managing its risk.

Furthermore, despite its unexplained delinquency in both liquidating the subject entries and issuing the bills, the Government has requested that the court award interest under 19 U.S.C. §580 in excess of the bond limits.  Should it overcome the obstacles presented by the running of the SOL, the Government should not be rewarded with interest above the bond amount (calculated with time as a factor) where the Government is the sole party responsible for untimely liquidating the subject entries, failing to bill in a timely manner, and failing to include the entries in its prior litigation.

Finally, AHAC requests that this Court award it legal costs and expenses for defending this superfluous action. As stated above, the Government is attempting to relitigate issues that were decided by this court in AHAC 2016.

## ARGUMENT

## I.    SUMMARY JUDGMENT STANDARD

CIT Rule 56(c) provides that summary judgment "should be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  See also A.D. Sutton & Sons v. United States, Slip Op. 2008-78, 2008 WL 2751236, 4-5 (CIT July 16, 2008).

A fact is material only if it could affect the outcome of the underlying action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); PS Chez Sidney, L.L.C. v. Int'l Trade Comm'n, 442 F. Supp.2d 1329, 1348 (CIT 2006); Allied Int'l v. United States, 795 F. Supp. 449, 451 (CIT 1992).  A fact issue is genuine only if a rational fact-finder could resolve the fact issue in favor of either party.  Anderson, 477 U.S. at 248-49.  For that to be the case, the party opposing summary judgment must do more than "rest upon the mere allegations or denials of his pleading." Id., quoting First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968).  A party cannot create a genuine issue of fact with evidence that cannot be admitted at trial.  See, e.g., Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990).  Rather, for a fact issue to be genuine, the admissible evidence must force the trier of fact to make a choice between the parties' differing versions of the truth at trial.  Anderson, 477 U.S. at 248; Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009).  The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).  Further, "the court may not simply accept a party's statement that a fact is challenged." Processed Plastic Co. v. United States, 395 F. Supp.2d 1296, 1131 (CIT 2005), quoting Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd., 731 F.2d 831, 835-36 (Fed Cir. 1984).

In sum, "at the summary judgment stage, the question to be answered is 'whether there is the need for a trial." Processed Plastic, 395 F. Supp.2d at 1299 (quoting Anderson, 477 U.S. at 250).  As will be shown below, because there is no genuine issue as to any material fact, there is no need for a trial here, and AHAC is entitled to judgment as a matter of law.

9

## II.   RES JUDICATA PRECLUDES THE GOVERNMENT FROM RELITIGATING CLAIMS IT COULD HAVE RAISED IN PRIOR COURT ACTIONS

Under the doctrine of *res judicata* (or claim preclusion), "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." See Ammex, Inc. v. U.S. 334 F.3d 1052 (Fed. Cir. 2003) (Ammex) citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); See also Young Eng'rs, Inc. v. United States Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed. Cir. 1983) (stating that this court would adopt the transactional approach advocated by the Restatement (Second) of Judgments); Restatement (Second) of Judgments §18 (1982). Ammex involved an appeal from the CIT on whether *res judicata* precludes CBP from revoking its approval of the sale of gasoline and diesel fuel on a duty and tax-free basis. According to Ammex, "[o]ver the years the doctrine has come to incorporate common law concepts of merger and bar, and will thus also bar a second suit raising claims based on the same set of transactional facts." Id. See Migra v. Warren City School Dst. Bd. Of Educ., 465 U.S. 75, 77 (1984) ("Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit").

The Ammex court stated that "to prevail on a claim of *res judicata*, the party asserting the bar must prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." Id. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979); Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362 (Fed. Cir. 2000). Like in Ammex, it is undisputed that the first two elements are present: the parties (AHAC and the Government) are identical in both actions and the prior litigation (AHAC 2016) resulted in a valid final judgment on the

merits.  See AHAC 2016, Slip Op. 15-141 (March 15, 2016), ECF No. 158; aff'd, No. 2018-1960 (AHAC Appeal) & 2018-2120 (Gov Appeal), Judgment (Fed. Cir. Sept. 6, 2019).

Thus, this case reduces to an analysis of the transactional facts involved in the two causes of action.  The Restatement notes that a common set of transactional facts is to be identified "pragmatically." Id.; Restatements (Second) of Judgments §24.   Courts have defined "transaction" in terms of a "core of operative facts," the "same operative facts," or the "same nucleus of operative facts," and "based on the same, or nearly the same factual allegations." Id. See also Herrmann v. Concom Cable Assocs., Inc. 999 F.2d 223, 226 (7th Cir. 1993) (citing Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 521 (1986)); See also Nevada v. United States, 463 U.S. 110, 128-30 (1983) (requiring courts to first determine whether the "same cause of action" is being sued upon); Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 326 (1955) ("[A] prior judgment is res judicata only as to suits involving the same cause of action."); United States v. Haytian Republic, 154 U.S. 118, 125 (1894) ("One of the tests laid down for the purpose of determining whether or not the causes of action should have been joined in one suit is whether the evidence necessary to prove one cause of action would establish the other.").

Here, the facts underlying the CIT's decision in AHAC 2016 and the present case are the same as follows: (1) same importers (Panjee & Pan Pacific); (2) same commodity (preserved mushrooms); (3) entries made within same period of review (POR); (4) same suppliers (Raoping Xingyu & Shenxian Dongxing); (5) same deemed liquidation/time-barred issue; (6) same cause of action (Government collection action on AHAC's bonds for antidumping duties plus interest); and (7) same deemed liquidation dates (February 20, 2003 and January 11, 2004).  Therefore, since the parties are identical, AHAC 2016 resulted in a valid final judgment on the merits and

both cases have the same core of operative facts, *res judicata* precludes the Government from bringing this collection action.

The Government attempts to avoid this result by claiming that the AHAC 2016 decision failed to discuss when the limitations period begins to run against the surety. This is simply not true. In AHAC 2016, this court specifically held:

> "[b]ecause Customs failed to liquidate within six months after the date of publication of the notices of rescission in the Federal Register, these entries were liquidated by operation of law at the entered rates, at which time the Government's cause of action on the bonds began to accrue. Having failed to bring its collection actions within six years of the dates these entries were deemed liquidated, the Government's right to collect any duties from AHAC…is time barred. See 28 U.S.C. §2415(a)." Id.

Plaintiff now states that in AHAC 2016, "the Government's briefing on the motion for summary judgment focused on the question of whether the entries deemed liquidated by operation of law." Pl. Motion for Summary Judgment, page 24. Of note is that the Government tried to bring its new argument up within a Supplemental Brief and the AHAC 2016 Court denied the request. Counsel for AHAC argued against allowing the Government Leave to File a Supplemental Brief by stating that "[t]he government provides no reason why it could not have made its argument in its numerous prior summary judgment briefs, of which the government filed at least six…[i]t refers only to "additional research and reflection" (id.) without indicating why the government could not have done its homework before." See AHAC 2016, ECF No. 176; Defendant's Opposition to Plaintiff's Motion for Leave to File Supplemental Brief. Applicable to this case, AHAC's counsel also states that "[a] party's change in position is no basis for reconsideration…[i]t is simply an attempt to get a second bite at the apple…." Id.

Within the Government's Motion for Leave to File Supplemental Brief, the Government admitted that "we believe that we can raise this revised position on appeal…" Notwithstanding,

the Government instead promoted a theory that its claims were timely based on a new deemed liquidation date within its own appeal to the CAFC. See AHAC 2016, ECF No. 175; See also AHAC 2016, *Aff'd*, No. 2018-2120; See Gov't Brief Excerpt, pps. 13-20 attached as Exhibit 4. In its conclusion, the Government argues that the six-year SOL applicable against a surety does in fact run from the date of a deemed liquidation. Id. at p. 20.

In summation, within AHAC 2016 the Government had ample opportunity to raise its new argument but did not.  As stated above, the Government filed at least six (6) motions for summary judgment within AHAC 2016 yet did not include this argument.  The Government did file a Motion for Leave to File a Supplemental Brief to brief this issue, which was denied by the AHAC 2016 Court which further stated "[i]n any event, plaintiff has failed to provide any grounds to grant the relief it seeks." See AHAC 2016, ECF No. 177.  Finally, although the Government is on record stating that it would raise this issue in the CAFC, the Government chose instead to use a different deemed liquidation date to begin the running of the SOL. See AHAC 2016, aff'd, No. 18-2120, Judgment (Fed. Cir. Sept. 6, 2019). See also Exhibit 4. Now, after the Government's failure to adequately brief this issue in AHAC 2016, the Government is asking for a second bite at the apple.

The Government's Motion for Summary Judgment attempts to excuse the Government's neglect in not presenting the new arguments in AHAC 2016 by stating that "it did not anticipate that the measurement of the date of accrual would present an issue in deciding the timeliness of the Government's claims…[r]ather, the Government's briefing on the motion for summary judgment focused on the question of whether the entries deemed liquidated by operation of law." Pl. Summary Judgment Motion, page 24.  This position fails to account for the fact that whether the entries deemed liquidated by operation of law was central to the underlying main issue of the

case, whether the Government's claims were time-barred under the Statute of Limitations. The effect of the deemed liquidation date on the bill amounts is irrelevant. The bill amounts under the deemed liquidations were the same as CBP's attempted liquidations, or 198.63% *ad valorem*. Accordingly, there was no reason for the Government (or counsel for AHAC) to litigate this issue other than the implications related to the Statute of Limitations. In other words, the Government raised the deemed liquidation issue in AHAC 2016 (and on appeal in the CAFC) precisely because of the ramifications to the Statute of Limitations. Therefore, the statement within plaintiff's brief that "it did not anticipate that the measurement of the date of accrual would present an issue in deciding the timeliness of the Government's claims" makes no sense. See Pl. Motion for Summary Judgment, page 24. At all times within AHAC 2016, the Government knew full well the implications of a deemed liquidation to the Statute of Limitations and AHAC should not suffer for the Government's failure to brief that issue in an adequate and timely fashion.

In conclusion, while the Government may be welcome to advance its new theory on when the date of accrual begins (deemed liquidation date vs. arbitrary billing date) in other cases[1], the Government is precluded under *res judicata* from relitigating the issue in this case. This case involves the same parties, a valid final judgment, same transactional facts and the Government has already had an opportunity to adequately raise this issue, hence it may not be relitigated on the basis that a new argument has been brought forth.

///

///

---

[1] See United States v. Aegis Security Insurance Company, Ct. Int'l Trade No. 20-03628 for an example of a similar case brought by the Government against a customs surety.

## III. THE GOVERNMENT'S CLAIMS ARE TIME BARRED BY THE STATUTE OF LIMITATIONS

### A. The Government's Right of Action Against AHAC Accrued Upon The Deemed Liquidation of the Entries

*Arguendo*, if the Government's claims are not precluded by *res judicata*, the Government's claims are nevertheless time-barred as they were commenced more than six (6) years after the claims accrued, e.g. from the date the entries deemed liquidated. Several decisions of the CIT and CAFC have held that the right of action for collection of liquidated duties accrues on liquidation of the entry. In United States v. Ataka America, Inc., 17 CIT 598, 826 F.Supp. 495 (1993), the Court held that "[t]he right to collect immediately on liquidation carries with it the responsibility to act within six years of liquidation to collect on the contract obligation of the surety." Id. at 607. In United States v. Great American Insurance Co. of NY, 35 CIT 1130, 791 F.Supp.2d 1337, 1344 (2011), the Court found that the Government's cause of action was barred when commenced more than six years after the entries were deemed liquidated:

> The Government's cause of action accrued six months after publication of the Notice of Rescission when the Coastal Entries deemed liquidated and the Government's right to collect additional duties attached. See 19 C.F.R. §113.62(a). The Government failed to bring its claim within six years after the Coastal Entries were deemed liquidated, the event triggering the Government's cause of action. Therefore, its right to collect any duties on the Coastal Entries is time-barred. See 28 U.S.C. §2415(a).

Id. at 1368. Plaintiff has admitted that the eight (8) entries underlying this action were deemed liquidated on February 20, 2003 (Counts I and II entries) and January 11, 2004 (Count III entry). See Compl ¶¶ 12, 31, 49. Pursuant to the above-referenced cases, as well as AHAC 2016, the six (6) year statute of limitations expired for the Government on February 20, 2009

(Counts I and II entries) and January 11, 2010 (Count III entry).  Having failed to bring this collection action within this time period, the Government's right to collect any duties from AHAC is time barred.

## B.  The Government's New Theory Upon Which The Right of Action Accrues Is Without Precedent For Duty Bills

In contrast to longstanding judicial precedent cited *supra*, Plaintiff's new theory suggests that plaintiff's right of action in this case accrued upon breach of the bond when surety failed to make payment to CBP within thirty (30) days after CBP made formal demand on surety for payment of the duty bills.  To support plaintiff's new theory, plaintiff claims that "[a] closer analysis of the applicable judicial precent demonstrates the timeliness of our claims." Pl. Motion of Summary Judgment, page 16.  Plaintiff's Motion of Summary Judgment cites several cases and goes into a detailed legal analysis of United States v. Cocoa Berkau, Inc., 990 F.2d 610 (Fed. Cir. 1993) (Cocoa Berkau) to support its position.[2]

Not one of the cases relied upon by plaintiff in its timeliness argument involve increased duty bills.  Rather, the cases are narrowly confined to collection on claims for liquidated damages.  Cocoa Berkau involved a claim for liquidated damages for the importer's failure to redeliver imported merchandise.  The Cocoa Berkau Court held that "the failure of the bond principal to redeliver the imported merchandise upon demand by Customs constituted a breach of its obligation under the entry bond; it thus was the triggering event which commenced the running of the statute of limitations." Id.  The Court in Cocoa Berkau disagreed with the

---

[2] Unexcelled Chem. Corp. v. United States, 345 U.S. 59 (1953) (liquidated damages against Government contractor who knowingly employed child labor; U.S. v. Commodities Export Co., 972 F.2d 1266 (Fed. Cir. 1992) (unpaid liquidated damages under a warehouse bond).

Government's position that the statute of limitations accrues only when demand for liquidated damages is made on the surety.

While the Government cannot cite judicial precedent for their new theory in the context of duty bills, review of the cases cited by the Government actually support AHAC's position that the deemed liquidation date, rather than thirty (30) days after the issuance of the C.F. 612 formal demand to surety, is the appropriate accrual of the right of action.  The Cocao Berkau Court stated held that "unilateral acts by Customs do not postpone the running of the statute of limitations." Id. at 614.  In an earlier case cited by plaintiff, the CAFC stated "[w]hile Customs' self-imposed internal procedures may constrain its right to sue…, they cannot change the defendants' right to repose after the statutory six-year period." See United States v. Commodities Export Co., 972 F.2d 1266, 1271 (Fed. Cir. 1992) (Commodities Export). Interpreting the Commodities Export case, the Ataka court noted that, "the rationale for this decision was stated as equalizing the control that the government and private litigants have over a suit [b]ecause a private litigant has no power to toll the statute of limitations indefinitely, neither should the government." See United States v. Ataka America, Inc., 17 CIT Slip Op. 93-112 (June 21, 1993); 826 F.Supp. 495 (1993) (Ataka).

In this case, the Government's new theory would have CBP's unilateral self-serving acts serve as the accrual of the cause of action under the statute of limitations.  Just as in Cocoa Berkau, this Court must reject the notion that the timing of a CBP issued notice completely under the control of the Government (notice of liquidated damages in Cocoa Berkau and C.F. 612 Formal Demand in this case), "would subvert the purpose of the statute of limitations, which is intended to ensure that actions are brought in a timely fashion." See Cocoa Berkau, 972 F.2d at 1271.

The eight (8) entries at issue in this case were deemed liquidated on February 20, 2003 (Counts I and II entries) and January 11, 2004 (Count III entry).  See Compl ¶¶ 12, 31, 49.  CBP could have initiated collection from both the principal/importers and surety after these dates.  For all eight (8) entries, and for unexplained reasons, CBP did not issue bills to the respective importers until September 26, 2014, more than ten (10) years after the companies went out of business and the deemed liquidations occurred.  See Exhibits 2 and 3.  See also Compl. ¶¶ 13, 32.  Furthermore, for the six (6) entries underlying Count I, CBP waited approximately eight (8) months after Panjee became delinquent, on October 27, 2014, to make its first demand on AHAC on July 6, 2015.  See Compl. ¶¶ 16, 17.  For the two (2) entries underlying Counts II and III, CBP waited approximately fifteen (15) months after Panjee and Pan Pacific became delinquent, on October 27, 2014, to make its first demand on AHAC on February 3, 2016.  See Compl. ¶¶34, 35, ¶¶ 52, 53.  Throughout these delays, the Government was accruing interest pursuant to 19 U.S.C. §1505(b) and stood to collect additional interest under 19 U.S.C. §580 and 28 U.S.C. §1961 if it were to prevail in this case.

The significant delays in this case are exactly the results that the courts in Cocoa Berkau, Commodities Export and Ataka found to be unreasonable and unlawful.  Following the deemed liquidations, the Government attempted to remedy the situation by reliquidating the subject entries when it had no authority.  See 19 U.S.C. §1501 (Entries deemed liquidated under the provisions of 19 U.S.C. §1504 may not be reliquidated).  It is submitted that CBP's issuance of the formal demand (C.F. 612) could only have been the result of a purported manual liquidations attempted in 2014 more than six (6) years after the entries were deemed liquidated.

The facts of this case fall squarely within the four corners of the decision in United States v. Cherry Hill Textiles, Inc., 112 F.3d 1550 (Fed. Cir. 1997).  In that case the entry "was deemed

liquidated…one year after entry.  No protest was filed nor was any other action taken with respect to that liquidation.  Instead, the Government simply made a new liquidation a month later…and treated that new liquidation as the operative liquidation for purposes of this case." Id. at 1559.  Because no action was taken with respect to the deemed liquidation of the entry, the deemed liquidation was regarded as final by the Appellate Court.  Cherry Hills held that "in cases in which a liquidation has become final, the government cannot seek to recover additional duties simply by making a new liquidation, it would have no legal effect because it would be barred by the principles of res judicata.  In that and other analogous settings, the liquidation simply does not have the capacity to give rise to liability." Id. at 1560.  The Court goes on to say "once the governments cause of action expires, Customs cannot breathe new life into it merely by liquidating the entry anew." Id.

The scenario described above is exactly what the Government is attempting to do in this case.  Years after the deemed liquidation, and extensive litigation related thereto, CBP attempted to reliquidate the subject entries in order to trigger CBP's billing cycle under the surety formal demand (C.F. 612) process.  Like Cherry Hills, this Court should not give the Government's cause of action in this case new life merely because CBP places bills on the C.F. 612 formal demand based on legally void reliquidations. Should this Court adopt the Government's new theory, there is no limit to the Government's ability to postpone unilaterally and indefinitely the running of the Statute of Limitations and accrual of interest against a surety.  The obligation of a compensated surety is predicated upon certain known risks or underwriting component and to the extent a surety's risk is varied without prior consent, sureties could be discharged from any obligation under their bonds. T.D. 95-21, dated April 17, 1995; See also Lyell Theatre Corp. v.

Lowes Corp., 682 F.2d 37, 43 (2d Cir. 1982) holding that "[p]rejudice resulting from unreasonable delay may be presumed as a matter of law." Id.

Finally, with regards to the Government's Summary Judgment argument citing various statutes and regulatory support, AHAC submits that Customs is obligated to collect or refund duties "as determined on a liquidation or reliquidation." See 19 U.S.C. §1505(b). Collection of such duties determined on a liquidation or reliquidation is limited by the six (6) year statute of limitations set out at 28 U.S.C. 2415(a). While 19 U.S.C. §1505(b) allows for the assessment and collection of interest thirty (30) days after billing the duties determined to be due on liquidation, the statute does not create a new cause of action for collection of liquidated duties. While billing may be a prerequisite to collecting interest on any duties determined to be due on liquidation, there is no statute or regulation that holds that billing is a prerequisite to filing a suit for collection of the actual duties determined to be due on liquidation.

Furthermore, a pre-condition for surety's obligation to pay under the bond is that the liquidation or reliquidation must be proper. The bond conditions as set forth in 19 C.F.R. 113.62(a)(1)(ii) provides that "the obligors (principal and surety, jointly and severally) agree to: [p]ay, as demanded by CBP, all additional duties, taxes and charges subsequently found due, **_legally fixed_**, and imposed on any entry secured by this bond." Id. (Emphasis added). The deemed liquidations that occurred in 2003 and 2004 legally fixed both the principal importer and surety's liability for the subject entries. The subsequent bills upon which the Government is attempting to collect are based on unlawful reliquidations and therefor are neither proper nor legally fixed. As the Government stated in its own Appellate Brief in AHAC 2016, "(T)he importer, the surety, and the government are bound by and have the right to rely on the finality of liquidation". See Exhibit 4, p. 10, citing United States v. Utex Int'l Inc., 857 F.2d 1408, 1412

20

(Fed. Cir. 1988). The Government freely admits in this matter that liquidation of the entries in question occurred in 2003 and 2004 and no further action was taken on the claims until over ten years later. Accordingly, the original liquidations were final and any attempt to collect amounts from surety related to these entries is time-barred.

IV.   **<u>CONCLUSION</u>**

For the reasons set forth above, AHAC is entitled to summary judgment. Plaintiff's claims are precluded under *res judicata* following this Court's decision in AHAC 2016. Arguendo, plaintiff's claims are barred under the Statute of Limitations as the Government's right of action accrued upon the deemed liquidation of the subject entries. Any bills issued ten years after the deemed liquidations are not proper as such bills are based on untimely and legally void reliquidations. Finally, AHAC is entitled to costs as the Government has brought this action despite having already litigated this issue within AHAC 2016 and advancing a novel new theory of liability against all prior judicial precedence.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

_____
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
                        Plaintiff             :
                                              :
              v.                              :        Court No. 20-00175
                                              :
AMERICAN HOME ASSURANCE COMPANY,              :
                                              :
                        Defendant             :
                                              :
                                              :
_____:

## **CERTIFICATE OF COMPLIANCE**

I, MICHAEL B. JACKSON, an attorney with the law firm of Meeks, Sheppard, Leo & Pillsbury, who is the attorney responsible for the Cross-Motion for Summary Judgment and Opposition to plaintiff's Motion for Summary Judgment, relying on the word count feature of the word processing program used to prepare the response, certify that this memorandum complies with the word count limitation under the Court's chambers procedures and contains 7,769 words.

/s/ Michael B. Jackson, Esq.
Michael B. Jackson, Esq.
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Dated:  March 12, 2021

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

MICHAEL JACKSON certifies that I am a trial attorney with the firm of Meeks,

Sheppard, Leo & Pillsbury, with offices located at 352 3rd Street, Suite 202, Laguna Beach, CA

92651, and that on March 12, 2021 on behalf of American Home Assurance Company,

defendant herein, I caused the annexed Cross-Motion for Summary Judgment to be served upon:

Peter A. Mancuso, Esq.
*CIVIL DIVISION, DEPT. OF JUSTICE*
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, NY 10278
Ph:  (212) 264-9230 or 264-9237

the attorneys for the Plaintiff herein by the deposit of a copy thereof in a United States mail

receptacle, properly enclosed in a secure envelope, duly stamped or postage prepaid, addressed

to said attorneys as above indicated.

/s/<u>Michael Jackson</u>
