UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>          v.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>                    Defendant | :<br>:<br>:<br>:<br>:<br>:   Court No. 20-00175<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Rule 56.3 of the Rules of the United States Court of International Trade requires that motions for summary judgment include a separate statement of material facts as to which it contends there exists no genuine issue to be tried. In this case, there are no material facts as to which there exists a genuine issue to be tried and the issues are amenable to resolution through dispositive motions. The pertinent undisputed facts of this case are as follows:

1.      Between February 26, 2001 through May 25, 2001, the importer Panjee made six (6) entries of preserved mushrooms from China at the Port of San Francisco, California (Port Code 2809) (Panjee entries). See Compl. ¶6; Amended Answer ¶6.

2.      The Panjee entries were subject to the antidumping duty order on certain preserved mushrooms from China issued by Commerce (A-570-851). See Notice of Amendment of Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms From the People's Republic of China, 64 Fed. Reg. 8,308 (Dep't Commerce Feb. 19, 1999) (Mushroom Order); See also Compl. ¶7; Amended Answer ¶7.

3.      The exporter for the mushrooms underlying the six (6) Panjee entries was Raoping Xingyu Foods Co., Ltd. (Raoping Xingyu). See Compl. ¶8; Amended Answer ¶8.

4.      At the time of entry, Panjee asserted that the mushrooms were subject to antidumping duties at a rate of 198.63% *ad valorem*. Id.

5.      AHAC issued six (6) STBs with Panjee to secure the duties, taxes and charges owed on each of the Panjee entries. See Compl. ¶9; Amended Answer ¶9.

6.      The amount of antidumping duties asserted by Panjee at the time of entry was roughly in proportion to the amount of the STBs issued by AHAC to Panjee. See Compl. ¶10; Amended Answer ¶10; See also Pl. Ex. 2 and 3.

7.      Panjee provided the STBs to U.S. Customs & Border Protection (CBP) at the time of entry in lieu of making a cash deposit of estimated antidumping duties for each of the Panjee entries. See Certain Preserved Mushrooms From the People's Republic of China: Initiation of New Shipper Antidumping Duty Review, 65 Fed. Reg. 17,257 (Dep't Commerce March 31, 2000).

8.      On February 20, 2003, the Panjee entries liquidated by operation of law (deemed liquidation) at the rate of duty, value, quantity, and amount of duty asserted at the time of entry. See 19 U.S.C. §1504(d); United States v. Am. Home Assurance Co., 151 F.Supp. 3d 1328, 1342-43 (Ct. Int'l Trade 2015), amended, (Ct. Int'l Trade March 15, 2016) (hereinafter, AHAC 2016), *aff'd per curiam*, Fed Cir. Appeal No. 18-1960 & 18-2120 (judgment affirmed Sept. 6, 2019). See Compl. ¶12; Amended Answer ¶12. As a result of the deemed liquidation, the Panjee entries liquidated at the same rate as entered, 198.63% *ad valorem*. See Pl. Ex. 3 ¶¶12, 13.

9.      More than eleven (11) years after the deemed liquidations, on September 26, 2014, CBP reliquidated the entries and billed Panjee for the antidumping duties owed on each of the subject Panjee entries. See Pl. Ex. 3 ¶14; Pl. Ex. 4.

10.     Panjee, a California Company that dissolved on March 28, 2003, failed to pay the antidumping duties owed on each of the Panjee entries. See Amended Answer ¶15. See also Exhibit 2, Certificate of Dissolution for Panjee Co. Ltd.

11.     Approximately ten (10) months after Panjee was billed, on July 6, 2015, CBP made its first demand for payment from AHAC under the Panjee STBs via the C.F. 612 Formal Demand. See Compl. ¶17; Amended Answer ¶17; Pl. Ex. 3 ¶16; Pl. Ex. 5. On the first C.F. 612 Report, the bills underlying the Panjee entries were calculated in accordance with the deemed liquidation of the entries at a rate of 198.63% *ad valorem*, plus interest under 19 U.S.C. §1505(d). The bill total was $323,903.48 which exceeded the face value of the STBs for the Panjee entries.

12.     In reliance on the CIT's decision in AHAC 2016 and affirmed *per curium* by the Federal Court of Appeals for the Federal Circuit (CAFC) on September 6, 2019 (deemed liquidation/expiration Statute of Limitations), involving other Panjee entries secured by AHAC bond(s) with the same exporter (Raoping Xingyu) and antidumping period of review (POR), AHAC did not to make payment to CBP for the bills based on reliquidation of the Panjee entries. See Compl. ¶21; Amended Answer ¶21; Pl. Motion Summary Judgment, page 7, footnote 4.

13.     On March 31, 2001 and January 4, 2002, the importer Pan Pacific made two (2) entries of preserved mushrooms from China at the Port of San Francisco, California (Port Code: 2809) (Pan Pacific entries). See Compl ¶25, 43; Amended Answer ¶25, 43; Pl. Ex. 6.

14.     The Pan Pacific entries were subject to antidumping duties pursuant to the Mushroom Order. See 64 Fed. Reg. 8,308 (Dep't of Commerce Feb. 19, 1999); Compl. ¶¶26, 44; Amended Answer ¶¶26, 44; Pl. Ex. 6.

15. One (1) of the entries was exported by Raoping Xingyu (same exporter as Panjee entries) and the other entry was exported by Shenxian Dongxing Foods Co., Ltd. (Shenxian Dongxing). See Compl. ¶¶27, 45; Amended Answer ¶¶27, 45; Pl. Ex. 3 ¶20; Pl. Ex. 6.

16. Pan Pacific asserted that the merchandise underlying both Pan Pacific entries was subject to antidumping duties at a rate of 198.63% *ad valorem*. See Compl. ¶¶27, 45; Amended Answer ¶¶27, 45; Pl. Ex. 3 ¶21; Pl. Ex. 6.

17. AHAC issued two (2) STBs with Pan Pacific to secure the duties, taxes, and charges owed on both Pan Pacific entries. See Compl. ¶¶28, 46; Amended Answer ¶28, 46; Pl. Ex. 7. The amount of antidumping duties asserted by Pan Pacific at the time of each entry was roughly proportionate to the amount of the STBs issued by AHAC to Pan Pacific. See Pl. Ex. 3 ¶22; Pl. Ex. 6; Pl. Ex. 7.

18. Pan Pacific provided the two (2) STBs to CBP at the time of entry, in lieu of making a cash deposit of the estimated antidumping duties for the Pan Pacific entries. See Pl. Ex. 3 ¶23; 65 Fed. Reg. 17,257 (Dep't Commerce March 31, 2000); Certain Preserved Mushrooms from the People's Republic of China: Initiation of New Shipper Antidumping Duty Review and Partial Rescission of Administrative Review, 66 Fed. Reg. 17,406 (Dep't Commerce March 30, 2001).

19. On February 20, 2003 and January 11, 2004, the Pan Pacific entries deemed liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry. See AHAC 2016, 151 F.Supp. 3d 1342-43; Compl. ¶¶31, 49; Amended Answer ¶¶31, 49; See also Pl. Motion Summary Judgment, page 7, footnote 7. The Pan Pacific entries were deemed liquidated at the same 198.63% *ad valorem* antidumping duty rate as entered.

20. Approximately eleven (11) years after the deemed liquidations, on September 26, 2014, CBP reliquidated the entries and billed Pan Pacific for the antidumping duties on each of the two (2) Pan Pacific entries. See Pl. Ex. 3 ¶26; Pl. Ex. 8.

21. Pan Pacific, which dissolved on December 2, 2002, failed to pay CBP the antidumping duties on the Pan Pacific entries. See Amended Answer ¶¶33, 51. See also Certificate of Dissolution of Pan Pacific Products, Inc., Exhibit 3.

22. Approximately a year and a half after the Pan Pacific bills were issued, on February 3, 2016, CBP made its first demand for payment from AHAC for the antidumping duties underlying the Pan Pacific entries. These bills were calculated in accordance with the deemed liquidation of the entries at a rate of 198.63% *ad valorem*, plus interest under 19 U.S.C. §1505(d). The bill total of $63,532.05 exceeded the face value of the STBs for the Pan Pacific entries. See Compl. ¶¶35, 53; Amended Answer ¶¶35, 53; Pl. Ex. 3 ¶29; Pl. Ex. 9.

23. In reliance on the CIT's decision in AHAC 2016 and affirmed *per curium* by the Federal Court of Appeals for the Federal Circuit (CAFC) on September 6, 2019 (deemed liquidation/expiration Statute of Limitations), involving other Pan Pacific entries secured by AHAC bond(s) with the same exporters (Raoping Xingyu and Shenxian Dongxing) and antidumping period of review (POR), AHAC did not to make payment to CBP for the bills based on the reliquidations of the Pan Pacific entries. See Compl. ¶39, 57; Amended Answer ¶39, 57; Pl. Motion Summary Judgment, page 7, footnote 4.

*Defendant's Statement of Undisputed Material Facts: United States v. American Home Assurance Company, Court No. 20-00175*

                                                               Respectfully submitted,

                                                               /s/ Michael B. Jackson, Esq.
                                                               Meeks, Sheppard, Leo & Pillsbury
                                                               352 3rd Street, Suite 202
                                                               Laguna Beach, CA 92651
                                                               Attorneys for Defendant
                                                               michael.jackson@mscustoms.com
                                                               Tel. No. (949) 719-2712

                                                               /s/ Taylor Pillsbury, Esq.
                                                               Meeks, Sheppard, Leo & Pillsbury
                                                               352 3rd Street, Suite 202
                                                               Laguna Beach, CA 92651
                                                               Attorneys for Defendant
                                                               taylor.pillsbury@mscustoms.com
                                                               Tel. No. (949) 719-2712

Dated:  March 12, 2021