UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Court No. 20-00175 |
| v. | |
| AMERICAN HOME ASSURANCE COMPANY, | |
| Defendant. | |

# **ORDER**

Upon reading Customs Surety Coalition's motion for leave to appear as *amicus curiae*, and the plaintiff, the United States of America's, opposition thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that Customs Surety Coalition's motion be, and hereby is **DENIED**.

_____
Richard K. Eaton, Senior Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Court No.: 20-00175 |
| v. | : |
| AMERICAN HOME ASSURANCE COMPANY, | : |
| Defendant. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE CUSTOMS SURETY COALITION'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT**

Plaintiff, the United States of America (the Government), respectfully submits this memorandum of law in opposition to the Customs Surety Coalition's (CSC) motion for leave to file an *amicus curiae* brief in support of defendant, American Home Assurance Company's (AHAC), cross-motion for summary judgment. Although we do not normally oppose such requests, CSC's motion for leave was not filed within the time prescribed by the rules of this Court, which foreclosed the United States from responding to the *amicus* through the normal course of briefing. Accordingly, the motion should be denied.

Pursuant to United States Court of International Trade (USCIT) Rule 76 "[a]n *amicus curiae* must file its brief within the time allowed the party whose position the *amicus curiae* brief will support unless the court for cause shown grants leave for later filing." We interpret this rule to require that CSC filed this motion for leave within the time AHAC was allotted to respond to the Government's motion for summary judgment, which expired on March 12, 2021. Instead, CSC filed the instant motion on May 14, 2021 after all briefing on this matter was completed. In

addition, CSC fails to demonstrate "cause" as to why their untimely motion should be granted as required by USCIT Rule 76.

Had CSC filed its motion for leave in a timely manner, the Government would have had the opportunity to respond to the substantive arguments within CSC's *amicus curiae* brief in its reply memorandum of law filed with the Court on April 16, 2021.  Without this opportunity, the Government is prejudiced.  Thus, the Court should deny CSC's motion for leave to file an *amicus curiae* brief for failure to comply with USCIT Rule 76.  Alternatively, if the Court grants CSC's motion for leave, the Government respectfully request an opportunity to respond to the substantive arguments advanced in CSC's *amicus curiae* brief.

|  | Respectfully submitted, |
|---|---|
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
| By: | /s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office |
|  | /s/ Peter A. Mancuso<br>PETER A. MANCUSO<br>Trial Attorney<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza – Suite 346<br>New York, New York 10278<br>Tel. (212) 264–0484 or 9230<br>Attorneys for Plaintiff |

Of Counsel:
SUZANNA HARTZELL-BALLARD
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

Dated: May 19, 2021