UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> AMERICAN HOME ASSURANCE COMPANY, : <br> : <br> Defendant : <br> : | Court No. 20-00175 |

## **ORDER**

Upon consideration of defendant's motion to stay this action pending the resolution of *United States v. Aegis Security Insurance Company*, Court No. 20-03628, and upon other papers and proceedings had herein, it is hereby

ORDERED that defendant's motion to stay this action be, and hereby is, granted; and it is

ORDERED that this proceeding is stayed pending the final resolution of *United States v. Aegis Security Insurance Company*, Court No. 20-03628, including any appeals; and it is further

ORDERED that the parties shall provide the Court with a status report ten (10) days after the expiration of the stay.

_____
Judge

Dated: New York, New York
This day _____ of _____, 2021.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff<br><br>　　　v.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>　　　　　Defendant | Court No. 20-00175 |

**MOTION FOR A STAY PENDING FINAL RESOLUTION OF COURT NO. 20-03628**

　　Pursuant to Rule 1 of the Rules of the United States Court of International Trade, American Home Assurance Company, defendant, respectfully requests that the Court stay this case, Court No. 20-00175 (Action), pending the final resolution of *United States v. Aegis Security Insurance Company*, Court No. 20-03628, now pending before Judge Vaden.  As explained more fully below, this Action involves the same questions of law as those at issue in Court No. 20-03626, which remains active on the Court's docket.  Therefore, in an effort to preserve the resources of the Court, this Action should be stayed.  Defendant has requested that Plaintiff's counsel in this case, the same lead counsel as in the *Aegis* case, consent to this requested stay, but he declined to consent to the requested stay.

　　This Action, brought under the Court's 28 U.S.C. § 1582 jurisdiction, involves the recovery upon a customs bond for unpaid antidumping duties for import entries made in late 2000 and early 2001. The primary legal issues underlying this Action will be determined by the

Court in *Aegis,* namely, whether the Government's claim for the billed antidumping duties, plus interest, is time barred by the six-year (6) statute of limitations for actions on a contract set out at 28 U.S.C. § 2415(a). The *Aegis* case will also resolve the secondary issue in this Action, which is the subject of the newly required discovery activities, whether prejudice required for the laches defense may be presumed as a matter of law where there is unreasonable delay in issuing a demand against a customs bond. An affirmative determination on the *Aegis* claim that unreasonable delay is presumptively a successful laches defense, could provide the court here with a basis for proceeding to a decision without the need for further discovery activities.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). "In the exercise of sound discretion [a court] may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). This Court has previously observed that "a case may properly be stayed pending the outcome of another case (the 'lead' case) even when the 'lead' case may not be potentially dispositive of the case sought to be stayed -- *i.e.*, even where the 'lead' case may, at most, streamline the issues in the case sought to be stayed." *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1168 n.9 (Ct. Int'l Trade 2004) (citation omitted).

This Court has ordered that the parties in this action, like in *Aegis*, conduct discovery to determine if surety suffered actual harm as a result of the Government's extensive delay (more than ten years) in issuing bills after the entries at issue were liquidated. Defendant submits that conducting discovery on whether there was actual harm before resolving the threshold legal

3

issues of whether the case is time-barred and/or the harm suffered by defendant may be presumed as a matter of law is needless and unwarranted.  To put it simply, if either of the aforementioned legal defenses are decided in defendant's favor, the question of whether there was actual harm is irrelevant. For this reason, and in an effort to preserve judicial resources and additional costs and time associated with the involved additional discovery, defendant asks that the court agree that a stay of this action is appropriate.

WHEREFORE, defendant respectfully requests that its motion for a stay of these proceedings be granted.

Respectfully submitted,

/s/ Taylor Pillsbury, Esq.
Taylor Pillsbury, Esq.
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Dated:  November 26, 2021