UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Court No. 20-00175 |
| : | |
| v. : | |
| : | |
| AMERICAN HOME ASSURANCE COMPANY, : | |
| : | |
| Defendant. : | |

# ORDER

Upon reading defendant's motion to stay this action pending the resolution in *United States v. Aegis Security Insurance Company*, Court No. 20-03628, and plaintiff's response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is denied, and it is further

**ORDERED** that, within ten (10) days of entry of this order, the parties will confer and submit a joint proposed scheduling order identifying a time period for plaintiff to conduct discovery on defendant's, American Home Assurance Company, affirmative defense of laches and claims of prejudice. The joint proposed scheduling order shall also set forth dates for the remaining briefing on the pending dispositive motions.

_____
Richard K. Eaton, Judge

Dated:
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Court No. 20-00175 |
| v. | |
| AMERICAN HOME ASSURANCE COMPANY, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN
RESPONSE TO DEFENDANT'S MOTION FOR A STAY**

Plaintiff, the United States of America (the Government), respectfully submits this memorandum of law in response to defendant's, American Home Assurance Company (AHAC), motion for a stay pending final resolution of Court No. 20-03628.

**I.   Introduction**

The Government commenced this action on September 16, 2020 pursuant to 28 U.S.C. § 1582(2) against defendant, AHAC, to recover upon eight single transaction bonds issued by AHAC that secured the importation of eight entries of preserved mushrooms imported by Panjee Co., Ltd (Panjee) and Pan Pacific Products Inc. (Pan Pacific) from the People's Republic of China (China).  *See* Compl. (*Dkt.* 3 (9/16/20)).  In response to the Government's complaint, AHAC interposed an answer on November 10, 2020 and then amended its answer on January 26, 2021.  *See* Answer (*Dkt.* 9 (11/10/20)); Amended Answer (*Dkt.* 18 (1/26/21)).  In its amended answer, AHAC asserted the affirmative defense of laches, among others.  Amended Answer at Third Aff. Def. (*Dkt.* 18 (1/26/21)).

At the time issue was joined, the parties agreed that there were no material facts in dispute and that discovery was unnecessary.  Because the resolution of this matter appeared to be

1

purely legal, both parties moved for summary judgment.  *See* Pl. Motion for Summary Judgment (Pl. MSJ) at 10 (*Dkt*. 22 (2/5/21)); Def. Cross-Motion for Summary Judgment (Def. MSJ) at 2 (*Dkt*. 23 (3/12/21)).  In defendant's briefing in support of its motion for summary judgment, AHAC did not advance any argument with regard to its affirmative defense of laches.  *See* Def. MSJ (*Dkt*. 23 (3/12/21)); Def. Reply Br. (*Dkt*. 27 (5/14/21)).  Nor did AHAC present evidence to demonstrate that it suffered prejudice due to the Government's delay in commencing suit.  *Id.*

At oral argument, however, the concept of laches was raised.  After oral argument, the Court issued an order permitting AHAC to submit a supplemental brief on its third, fourth, fifth, seventh, eight, and tenth affirmative defenses, which included laches.  *See* Scheduling Order for Supplemental Briefs (*Dkt*. 49 (7/21/21)).  On October 8, 2021, AHAC submitted a supplemental brief which argued that laches may be presumed as a matter of law and alleged for the first time that it suffered actual prejudice due to the Government's delay in commencing this action.  *See* Def. Supp. Br. at 4–10 (*Dkt*. 54 (10/8/21)).

In response, the Government moved pursuant to USCIT Rule 56(d) to defer consideration of the parties' dispositive motions and allow time for the plaintiff to take discovery on the factual allegations of prejudice asserted by AHAC in its supplemental brief.  *See* Def. USCIT Rule 56(d) motion (*Dkt*. 55 (10/19/21)).  The Court granted the Government's USCIT Rule 56(d) motion and ordered that the parties confer and submit a joint proposed scheduling order "identifying a time period for Plaintiff to conduct discovery on Defendant's affirmative defense of laches and claims of prejudice."  *See* Order (*Dkt*. 59 (11/18/21).

Now, AHAC seeks a stay of the discovery ordered by this Court until the final resolution of *United States v. Aegis Security Insurance Co.*¸ Court No. 20-03628 (*United States v. Aegis*), pending before another Judge of this Court, on the basis that *United States v. Aegis* "involves the

same questions of law as those at issue in" this case. *See* Def. Motion for a Stay at 2 (*Dkt.* 60 (11/26/21)). The litigation in *United States v. Aegis* has followed a similar procedural path as in this matter, however, as a consequence of the Court granting the Government's USCIT Rule 56(d) motion in *Aegis*, the parties have begun conducting discovery on Aegis's allegations of prejudice. *United States v. Aegis Security Insurance Co.*¸ Court No. 20-03628 (*Dkt.* 62 (11/9/21)).

For the reasons more fully detailed below, AHAC's motion for a stay should be denied and the Government should be permitted to move forward with conducting discovery with regarding to AHAC's claims of prejudice.

**II.    Argument**

AHAC contends that this action should be stayed until the final resolution of *United States v. Aegis*, including any appeals, because the "primary legal issues underlying this Action will be determined by the Court in *Aegis*, namely, whether the Government's claim for the billed antidumping duties, plus interest, is time barred by the six-year (6) statute of limitations for actions on a contract set out at 28 U.S.C. § 2415(a)." *See* Def. Motion for a Stay at 2–3 (*Dkt.* 60 (11/26/21)). AHAC further argues that *United States v. Aegis* "will also resolve the secondary issue in this Action, which is the subject of the newly required discovery activities, whether prejudice required for the laches defense may be presumed as a matter of law where there is unreasonable delay in issuing a demand against a customs bond." *Id.* at 3. For defendant, "conducting discovery on whether there was actual harm before resolving the threshold legal issues of whether the case is time-barred and/or the harm suffered by defendant may be presumed as a matter of law is needless and unwarranted." *Id.* at 3–4.

3

While we agree that the threshold legal issue regarding the statute of limitations is the same in this case as in *United States v. Aegis*, AHAC fails to demonstrate the necessity for a stay.

"The power to stay proceedings . . . is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Novolipetsk Steel Public Joint Stock Co. v. United States*, 474 F. Supp. 3d 1354, 1357 (Ct. Int'l Trade 2020) (*Novolipetsk*) (internal quotations and citations omitted). "Although the decision to grant or deny a stay rests with in the court's sound discretion, courts must weigh and maintain an even balance between competing interests when deciding whether a stay is appropriate" (*Id.*), "taking into account those of the plaintiff, the defendant, non-parties or the public, and even itself." *Georgetown Steel Co., LLC v. United States*, 259 F. Supp. 2d 1344, 1346 (Ct. Int'l Trade 2003) (internal quotations and citations omitted). "However, if there is even a fair possibility that [a] stay will do damage to the opposing party, the movant must make out a clear case of hardship or inequity in being required to go forward." *Novolipetsk*, 474 F. Supp. 3d at 1358 (alterations in original). In other words, a movant must "make a strong showing that a stay is necessary and that the disadvantageous effect on others would be clearly outweighed." *Georgetown Steel Co.*, 259 F. Supp. 2d at 1347 (internal quotations and citations omitted).

For example, in *Novolipetsk*, the Court denied defendant's motion for a stay, finding that it would be unfair to plaintiffs because they had "already expended resources preparing their motion for judgment on the agency record as well as their responses to the pending motions to dismiss." *Novolipetsk*, 474 F. Supp. 3d at 1358. The Court determined that, when considering whether to stay a case pending disposition of a motion to dismiss, "the utility of such a stay lessens when requested after briefing on the merits has commenced." *Id.*

4

Additionally, in *CCB Group, Inc. v. United States*, the defendant moved to stay discovery on the basis that it may be obviated by the Court's disposition of a motion to dismiss. *CCB Group, Inc. v. United States*, 35 CIT 501, 502–03 (Ct. Int'l Trade 2011). The Court, however, denied this motion because it "would interrupt the progress of adjudicating this case" and defendant made "no showing that the discovery sought to be stayed will cause it undue burden or expense." *Id.* at 503

Finally, in *Building Systems de Mexico, S.A. de C.V. v. United States*, the Court denied defendant intervenor's motion to stay for failure to demonstrate hardship or inequity in being required to go forward with the proceeding and found that "[t]ypically, speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay." *Building Systems de Mexico, S.A. de C.V. v. United States*, 463 F. Supp. 3d 1344, 1348 (Ct. Int'l Trade 2020) (*BSM*).

Here, the Court should deny AHAC's motion to stay for three reasons.

First, the Government will be harmed if discovery is stayed in this action due to the further passage of time. For instance, the discovery we seek with regard to AHAC's alleged prejudice will only become more difficult to obtain if this case is stayed until the litigation in *United States v. Aegis* is concluded. The current schedule in *United States v. Aegis* provides that after discovery is concluded, briefing will not conclude until the end of July 2022, with a potential for oral argument and an appeal thereafter. *United States v. Aegis Security Insurance Co.*, Court No. 20-03628 (*Dkt.* 62 (11/9/21)). It is possible that the final adjudication of *United States v. Aegis* will not occur for years. By that point, it will only be less likely that the documents and testimony the Government seeks in discovery will no longer be available.

5

Indeed, AHAC has acknowledged that the underlying delay in commencing this suit has already led to a loss of evidence.  *See* Def. Supp. Br. at 9–10 (*Dkt.* 54 (10/8/21)).

Second, AHAC has failed to demonstrate any hardship or inequity in being required to go forward with discovery (*see* Def. Motion for a Stay at 1–4 (*Dkt.* 60 (11/26/21))) and the Government has already expended significant resources briefing the merits of this matter.  *See supra* at 1–3.  Staying discovery at this juncture would do nothing more than interrupt the process of adjudicating this matter in contravention of USCIT Rule 1.  ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Finally, AHAC's contention that the court's decision in *United States v. Aegis* will influence the disposition of this case is speculative.  Even if the *Aegis* Court were to find against the Government on the statute of limitations issue, this Court is not bound by a decision in *United States v. Aegis* and could reach a different result.  *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.")  Additionally, with respect to AHAC's claim that the *Aegis* Court may find prejudice exists as a matter of law, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has already determined that this is not a viable legal theory.  *Cornetta v. United States*¸ 851 F.2d 1372, 1380 (Fed. Cir. 1988) ("We conclude, therefore, that a presumption of prejudice is unsupportable.  If the government invokes the affirmative defense of laches, it has the burden to show that it was prejudiced by a claimant's tardiness in filing suit.")  Lastly, the *Aegis* Court has ordered discovery on the issue of prejudice, and an evaluation of *Aegis's* affirmative defense of laches will be a fact specific inquiry that must be determined on a case-by-case basis.  *Id.* at

6

1379. Nothing about the *Aegis* Court's finding with regard to the prejudice suffered by *Aegis* is applicable to the prejudice potentially suffered by AHAC in this case. AHAC has an independent burden to demonstrate that it suffered actual prejudice for it to succeed on its affirmative defense of laches. *Id.* at 1380.

## CONCLUSION

For the foregoing reasons, this Court should deny the AHAC's motion to stay discovery in this matter pending final resolution of *United States v. Aegis Security Insurance Co.*, Court No. 20-03628.

                                                                  Respectfully submitted,

                                                                  BRIAN M. BOYNTON
                                                                  Acting Assistant Attorney General

                                                                  PATRICIA M. McCARTHY
                                                                Director

                                                                /s/ Justin R. Miller
                                 By:    JUSTIN R. MILLER
                                                                Attorney-In-Charge
                                                                International Trade Field Office

                                                                /s/ Peter A. Mancuso
                                                                PETER A. MANCUSO
                                                                Trial Attorney
                                                                Department of Justice, Civil Division
                                                                Commercial Litigation Branch
                                                                26 Federal Plaza – Suite 346
                                                                New York, New York 10278
                                                                Tel. (212) 264–0484 or 9230
                                                                Attorneys for Plaintiff

Of Counsel:
SUZANNA HARTZELL-BALLARD
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

Dated: December 10, 2021