UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Court No. 20-00175 |
| AMERICAN HOME ASSURANCE COMPANY, | : | |
| Defendant | : | |

**DEFENDANT'S AMENDED SUPPLEMENTAL BRIEF REGARDING ITS AFFIRMATIVE DEFENSES AND CLAIMS OF PREJUDICE IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Taylor Pillsbury
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Michael B. Jackson
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Attorneys for Defendant
American Home Assurance Company

Dated: August 1, 2022

**TABLE OF CONTENTS**

I.    DEFENDANT'S AFFIRMATIVE STATUTE OF LIMITATIONS DEFENSE SHOULD DECIDE THE OUTCOME OF THIS CASE ……………….......... 1

II.   THE COURT MAY PRESUME PREJUDICE TO AHAC BASED ON PLAINTIFF'S UNREASONABLE DELAY IN ISSUING THE SUBJECT BILLS ……..……………………………………………………………... 3

III.  A DECISION IN FAVOR OF THE PLAINTIFF WOULD REMOVE BOTH THE CUSTOMS LIQUIDATION PROCESS AND THE STATUTE OF LIMITATIONS AS KEY INSTRUMENTS ALLOWING A CUSTOMS SURETY TO MANAGE RISK .......................................................................... 7

IV.  CONCLUSION ……………………………………………………………. 8

# **TABLE OF AUTHORITIES**

**Cases**

Jackson v. Axton,
   25 F.3d 884, 889-90 (9th Cir. 1994) …………………………………………….. 6

Koyo Corp. v. United States, 403 F. Supp. 2d 1305 (Ct. Int'l Trade 2005), *vacated in part
   and remanded on other grounds*, 497 F.3d 1231 (Fed.Cir. 2007) ………………… 7

Lyell Theatre Corp. v. Lowes Corp.,
   682 F.2d 37, 43 (2d Cir. 1982) …………………………………………………. 5

Messenger v. United States,
   231 F.2d 328, 330-31 (2d Cir. 1956) …………………………………………… 5

Nyhus v.Travel Mgmt. Corp.,
   466 F.2d 440, 452 (D.C. Cir. 1972)……………………………………………… 4

Pagoda Trading Co. v. United States,
   9 CIT 407 at 411, 617 F.Supp. 96 (1985) aff'd. 5 Fed. Cir. (T) 10,
   804 F.2d  665 (1986) …………………………………………………………… 4

SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,
   137 S. Ct. 954, 960 (2017)  ……………………………………………………… 3

United States v. Ataka America, Inc.,
   17 CIT 598, 826 F.Supp. 495 (1993)…………………….……………………… 4

United States v. Am. Home Assurance Co.,
   151 F.Supp. 3d 1328, 1342-43 (Ct. Int'l Trade 2015), amended, (Ct. Int'l Trade March
   15, 2016) (hereinafter, AHAC 2016), *aff'd per curium*, Fed Cir. Appeal No. 18-1960 &
   18-2120 (CAFC Sept. 6, 2019) …………..……………………………………..… 2, 3

U.S. v. Commodities Export Co.,
   972 F.2d 1266 (Fed. Cir. 1992)……………………………………….………….. 3

United States v. Dantzler Lumber & Export Co.,
   833 F.Supp. 927, 931 ……………………………………………………………. 5

United States v. David M. Rubinstein, S.G. and Washington International Insurance Company,
   62 F.Supp.2d 1139 (Ct. Int'l Trade 1999) ………………………………………. 5

United States v. Great American Insurance Co. of NY,
   35 CIT 1130, 791 F.Supp.2d 1337, 1344 (2011)…………………………………. 4

**Statutes**

19 U.S.C. 580……………………………………………………………………..……. 1

19 U.S.C. 1504 ……………………………………………………………………...... 4

19 U.S.C. 1509(a)(1)(A) …………………………………………………….………… 6

28 U.S.C. §1961…………………………………………..…….…………………….. 1

28 U.S.C. §2451(a).…………………………………………..…….………………… 2, 7

**Rules**

USCIT R. 8(d)(1).…………………………………………………….…………....… 3

**Regulations**

19 C.F.R. §113.62(a).…………………………………………………………..…… 3

**Other Authorities**

Black's Law Dictionary, Laches ……………………………………………………… 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff<br><br>　　　v.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>　　　　　　Defendant | Court No. 20-00175 |

**DEFENDANT'S AMENDED SUPPLEMENTAL BRIEF ON ITS AFFIRMATIVE DEFENSES IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

　　　　Defendant, American Home Assurance Company (AHAC), respectfully submits this Amended Supplemental Brief pursuant to this Court's Order, dated April 6, 2022, wherein the court requested supplemental briefing supporting its affirmative defenses and claims of prejudice. In this action, the Government seeks to collect antidumping duties plus statutory interest pursuant to 19 U.S.C. §580 and post-judgment interest pursuant to 28 U.S.C. §1961 against AHAC under eight (8) single transaction bonds (STBs) issued more than twenty years ago. For the reasons stated in AHAC's original Cross-Motion for Summary Judgment, as well as subsequent briefs and herein, we respectfully request that this Court enter judgment for AHAC, dismiss the Government's case and award legal costs and expenses to AHAC.

///

///

1

I. **DEFENDANT'S AFFIRMATIVE STATUTE OF LIMITATIONS DEFENSE SHOULD DECIDE THE OUTCOME OF THIS CASE.**

The eight customs entries in question were made by two importers, Panjee Co., Ltd. (Panjee) and Pan Pacific Products Inc. (Pan Pacific), between February 26, 2001 through January 4, 2002. The merchandise underlying the entries consisted of canned mushrooms from the People's Republic of China (China) subject to an antidumping duty order on certain preserved mushrooms from China issued by the U.S. Department of Commerce (Commerce). It is undisputed that the subject entries liquidated by operation of law in 2003 and 2004. The Government filed a series of collection actions in 2009 against AHAC to collect on bonds for these same importers for entries made during the same 2001-2002 time period. The subject eight entries were not included in the prior court actions. In 2015, Customs issued bills to AHAC related to these entries for the first time. AHAC elected not to pay these bills as they were issued more than ten (10) years after the Governments rights to collect on the subject bonds accrued.

AHAC's primary defense is that Plaintiff's claims are time-barred under the applicable statute of limitations, 28 U.S.C. §2451(a). This case involves the same operative and/or series of transactional facts that were previously litigated in this Court. See United States v. Am. Home Assurance Co., 151 F.Supp.3d 1328 (Ct. Int'l Trade 2015), amended, (Ct. Int'l Trade March 15, 2016), aff'd *per curium* Fed. Cir. Appeal No. 18-1960. ("AHAC I"). In AHAC I, the Court specifically ruled that the Government was precluded from collecting on certain AHAC bonds issued to Panjee and Pan Pacific due to the running of the Statute of Limitations, as calculated from the date of liquidation. Id. Based on the CIT and CAFC decisions in AHAC I, Plaintiff should be precluded from asserting the subject claims under the principals of *res judicata* and/or *stare decisis*.

2

## II. PLAINTIFF'S UNREASONABLE DELAY IN ASSERTING ITS CLAIMS HAS RESULTED IN PREJUDICE TO AHAC WARRANTING DISMISSAL OF THIS CASE

Laches is defined as an "unreasonable delay pursuing a right or claim, in a way that prejudices the [opposing] party." See Black's Law Dictionary, Laches". It is "a defense developed by courts of equity to protect defendants against unreasonable, prejudicial delay in commencing suit." SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, 137 S. Ct. 954, 960 (2017). USCIT Rule 8(d)(1) lists laches as an available affirmative defense.

AHAC submits that, like the Statute of Limitations defense, the issue of whether the laches defense applies in this case is a question of law. The parties have agreed as to the key facts underlying the bill timing issue; namely (1) the dates of the deemed liquidations, (2) the dates of the delayed billing and (3) the date in which this court action was filed. As to whether the two key elements of the laches defense, unreasonable delay and prejudice, are present should also be considered questions of law.

### *Government Delay was Unreasonable*

Customs was authorized to demand payment from AHAC upon liquidation of the subject entries. 19 C.F.R. § 113.62(a). Customs was also authorized to "call into action the powers of the court" immediately upon liquidation of the importer's entries. See United States v. Commodities Exp. Co., 972 F.2d 1266, 1271 (Fed. Cir. 1992) ("[t]he bond does not require Customs to wait 60 days for a response to the demand before suing …, [and] [n]o statute requires Customs give notice of demand of liquidated damages before suing.").

Customs knew or should have known about the potential claims on or about February 20, 2003 (Panjee and Pan Pacific entries) and January 11, 2004 (certain Pan Pacific entries) when the subject entries were deemed liquidated. See United States v. Am. Home Assurance Co.,

3

("AHAC I") 151 F.Supp.3d 1328 (Ct. Int'l Trade 2015), amended, (Ct. Int'l Trade March 15, 2016), aff'd *per curiam* Fed. Cir. Appeal No. 18-1960; Compl. ¶¶ 12, 31, 49; Answer ¶ 12, 31, 49. Customs is obligated to collect or refund duties "as determined on a liquidation or reliquidation." See 19 U.S.C. §1505(b); See also United States v. Ataka America, Inc., 17 CIT 598, 826 F.Supp. 495 (1993) whereby the Court held that "[t]he right to collect immediately on liquidation carries with it the responsibility to act within six years of liquidation to collect on the contract obligation of the surety." Id. at 607; See also United States v. Great American Insurance Co. of NY, 35 CIT 1130, 791 F.Supp.2d 1337, 1344 (2011), where a deemed liquidation was the event triggering the Government's cause of action. The statutory provision for liquidation by operation of law (19 U.S.C. §1504) was designed for the benefit of importers (and its sureties). Pagoda Trading Co. v. United States, 9 CIT 407 at 411, 617 F.Supp. 96 (1985) aff'd. 5 Fed. Cir. (T) 10, 804 F.2d 665 (1986). As such, (it) is a direct mandate to customs to act within a specific time or to adequately extend the time to act. Id.

As stated above, for unexplained reasons, Customs did not make its first demand on AHAC for the underlying bills until July 6, 2015 (Count I entries) and February 3, 2016 (Count II and III entries), more than a decade after the deemed liquidations. Compl. ¶ 17, Amended Answer ¶ 17. Pl. Ex. 3 ¶ 16, Pl. Ex. 5. Creditors must make demand under a bond within a reasonable time. Nyhus v.Travel Mgmt. Corp., 466 F.2d 440, 452 (D.C. Cir. 1972) ("[A] party is not at liberty to stave off operation of the statute [of limitations] inordinately by failing to make demand; when statutorily unstipulated, the time for demand ordinarily is a reasonable time." (footnote omitted)); and United States v. Ataka Am. Inc., 826 F. Supp. 495, 503 (Ct. Int'l Trade 1993). AHAC submits that Customs' ten-year delay in billing Defendant, without any justification, is unreasonable by any measure.

### *Government Delay was Prejudicial to AHAC*

As to whether prejudice exists, the Court of International Trade has held that "prejudice resulting from unreasonable delay may be presumed <u>as a matter of law</u>." (emphasis added by Court); See <u>United States v. David M. Rubinstein, S.G. et al. and Washington International Insurance Company</u>, 62 F.Supp.2d 1139 (Ct. Int'l Trade 1999); citing <u>United States v. Dantzler Lumber & Export Co.</u>, 17 CIT at 1073, 833 F.Supp. 927, 931, citing <u>Lyell Theatre Corp. v. Lowes Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982). Where it has been shown that the delay was unreasonable, evidence of actual prejudice is not required. See <u>Rubinstein</u>, "here the nine-year period of unexplained and unjustified inaction is <u>prima facie</u> "unreasonable" [and] Plaintiff's unreasonable delay and defendant's actual prejudice are inextricably intertwined"; See also <u>Messenger v. United States</u>, 231 F.2d 328, 330-31 (2d Cir. 1956) (operative condition of federal rule for dismissal for lack of diligence in prosecution is lack of diligence by plaintiff and not prejudice to defendant). In <u>Lyell Theatre Corp.</u>, a delinquent span of seven years was sufficient to warrant dismissal without the need to show actual prejudice.

Despite the court precedence cited above, per Plaintiff's request (and over AHAC's objection) this Court has allowed discovery to be conducted on the issue of whether AHAC suffered actual harm as a result of Customs' unreasonable delay. Despite best efforts, AHAC has been unable to provide significant evidence of actual harm. The reason for this is two-fold: first, AHAC shut down the customs bond program wherein the Panjee and Pan Pacific bonds (and hundreds of others) were issued in 2003, almost immediately after it began. See Defendant Supplemental Brief dated October 8, 2021, Declaration of Scott Guest, ECF 54. Any affirmative actions that AHAC might have been taken to protect its interests related to this bond program, including securing reinsurance and/or asserting a cause of action against the general agent that

failed to follow expressed underwriting requirements, were not pursued because such actions would have had little or no future benefits.

The second reason for the lack of evidence of actual harm is AHAC's ability to gather records relating to the subject claims had been compromised due to the government's unreasonable delay in asserting its claims. The Ninth Circuit court in Jackson v. Axton, 25 F.3d 884, 889-90 (9th Cir. 1994) held that evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died. Records relating to customs entries are not kept indefinitely by the importer, broker or surety. Under the customs recordkeeping statute, 19 U.S.C. 1509(a)(1)(A), importers and brokers are only required to maintain records for five (5) years after the date of entry, after which time these records are typically destroyed. Furthermore, most customs sureties, like most U.S. businesses, have record retention policies that provide for record disposal after a limited number of years. Id., Guest Decl. ¶ 7. At the time the bonds in question were issued in 2001 and 2002, Defendant did not contemplate that its records related to these bonds would need to be held for an indefinite period of time. Id., Guest Decl. ¶ 9. AHAC's perceived necessity to maintain these records was further diminished by the AHAC I court decisions.

Customs' unexcused delay of over ten years in issuing its demand on AHAC was both unreasonable and prejudicial. If this demand is not dismissed by the Court on the grounds that it is time-barred under the Statute of Limitations or the principals of *res judicata*, it should be dismissed as a matter of law under the doctrine of laches.

///

III. **A DECISION IN FAVOR OF THE PLAINTIFF WOULD ELIMINATE BOTH THE CUSTOMS LIQUIDATION PROCESS AND THE STATUTE OF LIMITATIONS AS KEY INSTRUMENTS ALLOWING A CUSTOMS SURETY TO MANAGE RISK**

In this matter the Government is attempting to manipulate a statute of limitations for its own benefit. A similar attempt was rebuked by the Court in Koyo Corp. v. United States, 403 F. Supp. 2d 1305 (Ct. Int'l Trade 2005), *vacated in part and remanded on other grounds*, 497 F.3d 1231 (Fed.Cir. 2007). In that case, Customs neglected to take any step toward the collection of duties from either the importer or surety for more than eight years after the deemed liquidation of the importer's entries. Id. Like this case, Customs gave the importer (or surety) no notice of the deemed liquidation. Customs argued that it was entitled to keep the higher sum on deposit. The *Koyo* court rebuked Customs' interpretation of the deemed liquidation statute:

> The goal of the statute was to achieve finality so that importers would not be hit with unexpected duties years later, not so that Customs would profit by intentional wrongdoing or even mere inattention to duty. *Koyo Corp.,* 403 F. Supp. 2d at 1308.

The deemed liquidation statute was put in place to achieve finality so that importers and their sureties would not be burdened with unexpected claims years later. Congress plainly intended to limit Customs' ability to collect unpaid duties from sureties when it enacted the six-year statute of limitations in 28 U.S.C. § 2415(a). If the Court were to adopt the Government's position that it can get around both statutory provisions by unilaterally delaying making a demand in perpetuity and allow this new position to be applied retroactively to bonds issued decades ago, AHAC and other sureties would suffer significant harm.

///

## IV.     CONCLUSION

For the reasons stated herein, and it its Cross-Motion for Summary Judgment, AHAC respectfully requests that this Court enter judgment for AHAC, dismiss this action and award legal costs and expenses to AHAC.

                                          Respectfully submitted,

                                          /s/ Taylor Pillsbury, Esq.
                                          Taylor Pillsbury, Esq.
                                          Meeks, Sheppard, Leo & Pillsbury
                                          352 3rd Street, Suite 202
                                          Laguna Beach, CA 92651
                                          (949) 719-2712

Dated:  August 1, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Court No. 20-00175 |
| AMERICAN HOME ASSURANCE COMPANY, | : | |
| Defendant | : | |

## CERTIFICATE OF COMPLIANCE

I, TAYLOR PILLSBURY, an attorney with the law firm of Meeks, Sheppard, Leo & Pillsbury, who is the attorney responsible for the Amended Supplemental Brief, relying on the word count feature of the word processing program used to prepare the Brief, certify that this memorandum complies with the word count limitation under the Court's chambers procedures and contains 2,734 words.

/s/ Taylor Pillsbury, Esq.
Taylor Pillsbury, Esq.
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Dated:  August 1, 2022