UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : : Plaintiff : : v. : : AMERICAN HOME ASSURANCE COMPANY, : : Defendant : : | Court No. 20-00175 |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO AMENDED SUPPLEMENTAL BRIEF REGARDING AFFIRMATIVE LACHES DEFENSE**

Taylor Pillsbury
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Michael B. Jackson
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Attorneys for Defendant
American Home Assurance Company

Dated: October 27, 2022

**TABLE OF CONTENTS**

I.  PLAINTIFF IS USING THE LACHES ISSUE AS A RED HERRING TO DEFLECT THE COURT'S ATTENTION AWAY FROM DEFENDANT'S STATUTE OF LIMITATIONS DEFENSE …………...…………………........... 1

II. CONCLUSION ……………………………………………………………. 4

## **TABLE OF AUTHORITIES**

**Cases**

Lyell Theatre Corp. v. Lowes Corp.,
 682 F.2d 37, 43 (2d Cir. 1982) …………………………………………………... 3

Nyhus v.Travel Mgmt. Corp.,
 466 F.2d 440, 452 (D.C. Cir. 1972)……………………………………………. 4

United States v. Ataka America, Inc.,
 17 CIT 598, 826 F.Supp. 495 (1993)……………………...……………………. 3, 4

United States v. Am. Home Assurance Co.,
 151 F.Supp. 3d 1328, 1342-43 (Ct. Int'l Trade 2015), amended, (Ct. Int'l Trade March 15, 2016) (hereinafter, AHAC 2016), *aff'd per curiam*, Fed Cir. Appeal No. 18-1960 & 18-2120 (CAFC Sept. 6, 2019) …………..……………………………………..…... 2

United States v. Great American Insurance Co. of NY,
 35 CIT 1130, 791 F.Supp.2d 1337, 1344 (2011)………………………………….. 3

**Statutes**

19 U.S.C. 580…………………………………………….…….…………….....….. 1

19 U.S.C. 1505(b…………………………………………………………………....... 3

28 U.S.C. §1961…………………………………………………...……..……………. 1

28 U.S.C. §2415(a)…………………………………………….…..…….…………. 2

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Court No. 20-00175 |
| AMERICAN HOME ASSURANCE COMPANY, | : | |
| Defendant | : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO AMENDED SUPPLEMENTAL BRIEF  REGARDING AFFIRMATIVE LACHES DEFENSE**

     Defendant, American Home Assurance Company (AHAC), respectfully submits this Reply Brief pursuant to this Court's Order, dated April 6, 2022, wherein the court requested supplemental briefing supporting its affirmative defenses and claims of prejudice insofar as its laches defense.  In this action, the Government seeks to collect antidumping duties plus statutory interest pursuant to 19 U.S.C. §580 and post-judgment interest pursuant to 28 U.S.C. §1961 against AHAC under eight (8) single transaction bonds (STBs) issued more than twenty years ago.  For the reasons stated in AHAC's original Cross-Motion for Summary Judgment (ECF 23), as well as subsequent briefs and herein, we respectfully request that this Court enter judgment for AHAC, dismiss the Government's case and award legal costs and expenses to AHAC.

 ///

 ///

1

**I.     PLAINTIFF IS USING THE LACHES ISSUE AS A RED HERRING TO DEFLECT THE COURT'S ATTENTION AWAY FROM DEFENDANT'S STATUTE OF LIMITATIONS DEFENSE**

From the outset, this case has been, and still is, a straight-forward statute of limitations case. 28 U.S.C. Sect. 2415 (a) bars the United States from bringing an action for money damages founded upon a contract unless it files a complaint within six (6) years after the right of action accrues. The primary facts establishing this defense, namely (1) the 2003 and 2004 deemed liquidation dates by which the Government's right of action accrued, and (2) the 2020 date in which the Government filed is Complaint, are not in dispute.

Given that this same Statute of Limitations defense was previously litigated before this same court in AHAC's favor[1], it is not surprising that Plaintiff has focused its attention (and the Court's) on AHAC's laches defense. Plaintiff suggests in its Response Brief that the "concept of laches was raised by the Court" at oral argument. Response Brief, ECF 68 at p. 2. This is a misleading statement. Defendant AHAC included the defense of laches, among others, in both its original Answer filed on November 10, 2020 and its Amended Answer filed on January 26, 2021. See ECF 9 and ECF 18 where laches is listed as its "Third Affirmative Defense" following its Statue of Limitations defense. ("Second Affirmative Defense").

The Government implicitly accepted the legal nature of AHAC's laches defense when it filed its Summary Judgment Motion based on the Agency Record on February 21, 2021. ECF 22. In this filing Plaintiff certified that summary judgment is appropriate "because there are no genuine issues of material fact". In its Response and Cross-Motion for Summary Judgment (ECF 23), AHAC agreed with Plaintiff's "no genuine issues of material fact" assertion given that

---

[1] See United States v. Am. Home Assurance Co., 151 F.Supp.3d 1328 (Ct. Int'l Trade 2015), amended, (Ct. Int'l Trade March 15, 2016), aff'd *per curiam* Fed. Cir. Appeal No. 18-1960. ("AHAC I").

the prejudice required for laches may be legally presumed where there is unreasonable delay. See Lyell Theatre Corp. v. Lowes Corp., 682 F.2d 37, 43 (2d Cir. 1982).

Following oral argument on July 15, 2021, and despite the circumstances cited above, the court granted the Government's request for discovery as to whether actual harm was suffered due to the Government's delay in asserting the subject claims against AHAC. Apart from incurring significant costs in defending a time-barred action that should never have been brought, AHAC is unable to produce meaningful evidence of actual harm due to the Government's unreasonable delay. But for the line of cases holding that prejudice may be presumed from unreasonable delay, AHAC would have conceded the laches defense following oral argument.

A showing of actual harm is not required in Statute of Limitations cases. There have been no changes to the Customs statutes and regulations regarding the liquidation of entries, the process of billing sureties and the Statute of Limitations since AHAC I was decided. The Government is obligated to collect or refund duties "as determined on a liquidation or reliquidation." See 19 U.S.C. §1505(b); See also United States v. Ataka America, Inc., 17 CIT 598, 826 F.Supp. 495 (1993) whereby the Court held that "[t]he right to collect immediately on liquidation carries with it the responsibility to act within six years of liquidation to collect on the contract obligation of the surety." Id. at 607; See also United States v. Great American Insurance Co. of NY, 35 CIT 1130, 791 F.Supp.2d 1337, 1344 (2011), where a deemed liquidation was the event triggering the Government's cause of action.

Customs did not make its first demand on AHAC for the underlying bills until July 6, 2015 (Count I entries) and February 3, 2016 (Count II and III entries), well after the six-year statute of limitations had run. The only reason given by the Government for delaying the assertion of its claims is that the subject bills "slipped through the cracks". See Oral Argument

Transcript at p. 45. Creditors must make demand under a bond within a reasonable time. <u>Nyhus v. Travel Mgmt. Corp.</u>, 466 F.2d 440, 452 (D.C. Cir. 1972) ("[A] party is not at liberty to stave off operation of the statute [of limitations] inordinately by failing to make demand; when statutorily unstipulated, the time for demand ordinarily is a reasonable time." (footnote omitted)); and <u>United States v. Ataka Am. Inc.</u>, 826 F. Supp. 495, 503 (Ct. Int'l Trade 1993).

## II.    CONCLUSION

For the reasons stated herein, and it its Cross-Motion for Summary Judgment, AHAC respectfully requests that this Court enter judgment for AHAC, dismiss this action and award legal costs and expenses to AHAC.

Respectfully submitted,

<u>/s/ Taylor Pillsbury, Esq.</u>
Taylor Pillsbury, Esq.
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Dated: October 27, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>　　　　　　Defendant | Court No. 20-00175 |

**CERTIFICATE OF COMPLIANCE**

I, TAYLOR PILLSBURY, an attorney with the law firm of Meeks, Sheppard, Leo & Pillsbury, who is the attorney responsible for the Reply Brief, relying on the word count feature of the word processing program used to prepare the Brief, certify that this memorandum complies with the word count limitation under the Court's chambers procedures and contains 1,373 words.

　　　　　　　　　　　　　　　　　　　　/s/ Taylor Pillsbury, Esq.
　　　　　　　　　　　　　　　　　　　　Taylor Pillsbury, Esq.
　　　　　　　　　　　　　　　　　　　　Meeks, Sheppard, Leo & Pillsbury
　　　　　　　　　　　　　　　　　　　　352 3rd Street, Suite 202
　　　　　　　　　　　　　　　　　　　　Laguna Beach, CA 92651
　　　　　　　　　　　　　　　　　　　　(949) 719-2712

Dated:  October 27, 2022