UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> AMERICAN HOME ASSURANCE COMPANY, : <br> : <br> Defendant : | Court No. 20-00175 |

**ORDER**

Based on defendant's Motion to Partially Dismiss and its Response to Plaintiff's Motion for Leave to Amend the Pleadings of the United States and to Seek Reformation of the Bond Covering Entry No. DZ1-022225-0, and the other papers and proceedings had herein, and upon due deliberation, it is hereby

ORDERED that plaintiff's motion for leave to amend the pleadings and reform the bond is denied, and it is further

ORDERED that defendant's motion to partially dismiss the Government's action with respect to the single transaction bond (STB) covering entry number DZ1-0222259-0 is granted.

SO ORDERED.

_____
Judge

Dated:  New York, NY
        This     day of          , 2023

1

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　　　　：<br>　　　　　　　：<br>　　　Plaintiff　　　　　　　：<br>　　　　　　　：<br>　　　v.　　　　　　　：<br>　　　　　　　：<br>AMERICAN HOME ASSURANCE COMPANY,　：<br>　　　　　　　：<br>　　　Defendant　　　　　　　：<br>　　　　　　　：<br>　　　　　　　： | Court No. 20-00175 |

**DEFENDANT'S MOTION TO PARTIALLY DISMISS AND ITS RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE PLEADINGS OF THE UNITED STATES AND TO SEEK REFORMATION OF THE BOND COVERING ENTRY NO. DZ1-0222259-0**

　　　Defendant, American Home Assurance Company (AHAC), respectfully submits this Response in opposition to the Government's July 24, 2023 Confidential and Public Motion for leave to amend the complaint and to seek reformation of the single transaction bond (STB) covering entry number DZ1-0222259-0. See Docket Nos. 73 and 74. Defendant AHAC requests that the Court deny the Government's motion for leave to amend its pleadings (complaint), deny the Government's request to reform the bond, and dismiss the Government's action with respect to the STB covering entry number DZ1-0222259-0.

　　　In this action, the Government seeks to collect antidumping duties plus statutory interest pursuant to 19 U.S.C. §580 and post-judgment interest pursuant to 28 U.S.C. §1961 against AHAC under eight (8) STBs issued more than twenty (20) years ago. For the reasons stated in

2

AHAC's original Cross-Motion for Summary Judgment—filed on March 12, 2021 and still pending as of the date of this filing—as well as subsequent briefs and herein, the Government in this case is not only attempting to circumvent the applicable six-year (6) statute of limitations, 28 U.S.C. §2451(a), as calculated by the date the cause of action accrued, i.e., the date of liquidation, but toll the statute of limitations by nearly ten (10) years as calculated by the date of the Government's demand on AHAC. Now, nearly three (3) years after the Government's filing of the complaint, the Government is again effectively asking this Court to further toll the statute of limitations by allowing for the modification of a bond and its relation back to the original pleading. Due to the Government's unreasonable delay in seeking this leave to Amend, we respectfully request that this Court deny Plaintiff's motion and partially dismiss the Government's case with respect to entry number DZ1-0222259-0 as the bond securing this transaction is invalid.

I. **NEITHER GOOD CAUSE NOR EXCUSABLE NEGLECT EXISTS SO THE COURT SHOULD NOT GRANT LEAVE FOR THE GOVERNMENT TO AMEND ITS PLEADINGS**

USCIT Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." USCIT Rule 15(a)(2). Given the extensive delays by the Government in both issuing the bills at issue (over 10 years) and initiating this action (over 5 years), AHAC submits that allowing the pleadings to be amended at this late date is not justified.

The Government argues that this Court should apply the "good cause" standard provided in USCIT Rule 16(b)(4) in deciding whether to grant the Government's motion for leave to

3

amend its pleadings.  The Government argues that Rule 16 is applicable because scheduling orders were entered in this case.

However, review of USCIT Rule 16(b)(4) indicates that the "good cause" standard only applies when "Modifying a Schedule". Id.  In this case, the Government correctly points out that there was "no deadline for motions regarding the pleadings in the scheduling orders".  See Docket 73, page 4.  Accordingly, the Government's motion cannot be fashioned as a request to modify the schedule because there is no deadline in the scheduling order that can be modified.  Therefore, the "good cause" standard under USCIT Rule 16(b)(4) should not apply to the Government's motion.

Rather, the Government's motion is better construed as a request for this Court to grant an extension of time to amend its pleading.  Under USCIT Rule 15(a), "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Id.  Both types of amendments are precluded to the Government at this late stage.  Because the specified time period to amend its pleading has expired for the Government under USCIT Rule 15(a), the Government must rely on USCIT Rule 15(a)(2) to make "Other Amendments" which states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id.

For motions made after the time has expired, USCIT Rule 6(b)(1)(B) states that the court may, for good cause, extend the time "if the party failed to act because of excusable neglect or circumstances beyond the control of the party." Id.  Accordingly, in order to prevail on its

4

motion, the Government must demonstrate excusable neglect or circumstances beyond the control of the party as required by USCIT Rule 6(b)(1)(B).

We submit that the Government cannot demonstrate excusable neglect or circumstances beyond the control of the Government in order to justify its motion to amend the pleadings and reform the STB underlying entry number DZ1-0222259-0.  As stated above, the Government has had nearly twenty-three (23) years to identify the defect underlying the subject STB.  During this time period, the Government had ample time and opportunity to address the bond defect under authority of the Customs Regulations, CBP Revenue Division demands and pleadings herein.  Notwithstanding, the Government has provided no explanation as to why the defect was not discovered until this late date.

Customs Regulation 19 C.F.R.§ 113.21 states that the name of the principal must appear in the bond.  In the case of STBs, bonds are to be approved by the Revenue Division or the director of the port where filed.  See 19 C.F.R. § 113.12(a).  U.S. Customs & Border Protection (CBP) is required to retain bonds under 19 C.F.R. §113.15 and periodically review each bond on file to determine whether the bond is adequate to protect the revenue and ensure compliance with applicable law and regulations.  See 19 C.F.R. §113.13(c).  If a change is made on the bond after approval of the bond by CBP, "the port director may not permit a change as defined in paragraph (a) of this section after the bond has been approved by CBP.  When changes are desired, a new bond is required, which, when approved, will supersede the existing bond." See 19 C.F.R. § 113.23(d).  Paragraph 19 C.F.R. § 113.23(a)(1) defines modification or interlineation as changes which go to the substance of the bond or are basic revisions of the bond whereas paragraph 19 C.F.R. § 113.23(a)(2) alterations or erasures consist of minor changes, such as the correction of

typographical errors or change of address, which do not go to the substance, or result in basic revision of the bond.  See 19 C.F.R. § 113.23(a).

The Customs Regulations cited above mandate that bonds contain certain information (e.g., principal's name), are approved by CBP upon issuance, are retained by CBP, and are periodically reviewed by CBP.  If changes to the bond are necessary, CBP has the authority to either make the desired changes or mandate the issuance of a new bond.  As such, for nearly twenty (20) years after the date of bond issuance, the Government did not identify the error. The error was not flagged in the CBP Revenue Division's May 23, 2016 formal demand letter to AHAC nor in the Assistant Chief Counsel Office's letter to AHAC, dated April 19, 2019, both of which contained a copy of the subject STB.  See Docket 8, page 7, paragraph 37.  In addition to CBP's failure to act, the Government's complaint in this case also overlooked this error. The defect was identified nearly three (3) years after the filing of the Complaint by this Court.

In Rienzi and Son, Inc. v. United States, USCIT Slip Op. 16-77, #07-00056, the plaintiff filed a Motion for Leave to File an Amended Complaint ("Motion to Amend"), pursuant to U.S. Court of International Trade ("USCIT") Rule 15(a)(2), and Plaintiff's Motion for Leave to File a Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File an Amended Complaint. The court held, "[B]ecause Plaintiff's Motion to Amend is more than 18 months after the deadline set for motions addressed to the pleadings and Plaintiff has failed to demonstrate excusable neglect or circumstances beyond its control to justify its untimely filing, Plaintiff's Motion to Amend must be denied.". Id.  A similar result should apply to the present case, especially in light of the fact that this request is being 34 months after the Government filed its original Complaint and Plaintiff has failed to demonstrate excusable neglect or circumstances beyond its control to justify its untimely filing.

In summation, the Government had nearly twenty-three (23) years to address this defect and did not. Under this timetable, the Government's failure to address this defect cannot be characterized as excusable neglect or circumstances beyond the control of the party. Even under the "good cause" standard put forth in the Government's motion, "good cause may not be found" where a party's "amendment rests on information the party knew or should have known before the deadline." See *Aspects Furniture International, Inc. v. United States*, 469 F.Supp. 3d 1359, 1368 (Ct. Int'l Trade 2020). AHAC submits that after twenty-three (23) years, under Customs Regulations procedures, CBP Revenue Division review and review by the Dept. of Justice, the Government should have identified the defect and taken timely action to address it. Therefore, we request that this Court deny Plaintiff's request to amend its pleadings and reform the bond.

II.  **ALLOWING THE GOVERNMENT TO REFORM THE BOND TWENTY-THREE (23) YEARS LATER WOULD PREJUDICE THE DEFENDANT**

The Government's motion requests that this Court use its equitable power to reform the STB contract under entry number DZ1-0222259-0. According to the Restatement (Third) of Suretyship and Guaranty, the duties of the surety and the obligee are "determined by the contract creating the secondary obligation, subject to the defenses resulting from suretyship status". Restatement (Third) of Suretyship & Guaranty §32(1). When the obligee acts in such a way as to cause prejudice to the surety, defenses, in addition to those of the principal, arise in favor of the surety. Restatement (Third) of Suretyship & Guaranty §§ 37-49.

As to whether prejudice exists, the Court of International Trade has held that "prejudice resulting from unreasonable delay may be presumed as a matter of law." (emphasis added by Court); See United States v. David M. Rubinstein, S.G. et al. and Washington International

Insurance Company, 62 F.Supp.2d 1139 (Ct. Int'l Trade 1999); citing United States v. Dantzler Lumber & Export Co., 17 CIT at 1073, 833 F.Supp. 927, 931, citing Lyell Theatre Corp. v. Lowes Corp., 682 F.2d 37, 43 (2d Cir. 1982). Where it has been shown that the delay was unreasonable, evidence of actual prejudice is not required. See Rubinstein, ("nine-year period of unexplained and unjustified inaction is prima facie "unreasonable" [and] Plaintiff's unreasonable delay and defendant's actual prejudice are inextricably intertwined"); See also Messenger v. United States, 231 F.2d 328, 330-31 (2d Cir. 1956) (operative condition of federal rule for dismissal for lack of diligence in prosecution is lack of diligence by plaintiff and not prejudice to defendant). In Lyell Theatre Corp., a delinquent span of seven (7) years was sufficient to warrant dismissal without the need to show actual prejudice. Here, the Government is seeking to reform the bond over twenty-three (23) years after the issuance of the bond.

A change of the principal obligor listed on the bond is a material modification to the bond. CBP Headquarters has taken a strict approach when it comes to changing a principal (or co-principal) on a customs bond. In Customs ruling HQ 223804 it was held that a bond rider may not be used to add an independent co-principal under 19 CFR 113.24(d). See also Treasury Decision 84-213 at p. 606-607 Vol. 18 - Bound Customs Bulletin. Similarly, in HQ 115193 dated February 1, 2001, CBP held that an affiliated company with different importer of record (IOR) number could not be added to a bond via a rider.

As demonstrated by the rulings cited above, Customs takes a restrictive approach when adding a corporate affiliate to a bond as a co-principal. Here, the proposed reformation involves swapping an entirely new and unrelated corporate entity with a different IOR number into the place of the named principal obligor listed on the original bond. Allowing this change would be highly prejudicial to surety as the new proposed principal/obligor on the bond would be expected

to deny any liability related to the reformed bond under these circumstances. Accordingly, the Government's attempt to reform the subject bond to substitute an independent party as the principal nearly twenty-three (23) years after the original bond was accepted by CBP is both unreasonable and prejudicial to AHAC.

### III.  CONCLUSION

For the reasons stated herein, AHAC respectfully requests that this Court enter judgment for AHAC and dismiss the Government's action with respect to entry number DZ1-0222259-0.

Respectfully submitted,

/s/ Taylor Pillsbury, Esq.
Taylor Pillsbury, Esq.
Meeks, Sheppard, Leo & Pillsbury
352 3rd Street, Suite 202
Laguna Beach, CA 92651
(949) 719-2712

Dated:  August 14, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. RICHARD K. EATON, *SENIOR JUDGE*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff<br><br>                v.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>                Defendant | Court No. 20-00175 |

## **CERTIFICATE OF COMPLIANCE**

I, TAYLOR PILLSBURY, an attorney with the law firm of Meeks, Sheppard, Leo & Pillsbury, who is the attorney responsible for the Response, relying on the word count feature of the word processing program used to prepare the Response, certify that this memorandum complies with the word count limitation under the Court's chambers procedures and contains 2,213 words.

                                                              /s/ Taylor Pillsbury, Esq.
                                                              Taylor Pillsbury, Esq.
                                                              Meeks, Sheppard, Leo & Pillsbury
                                                              352 3rd Street, Suite 202
                                                              Laguna Beach, CA 92651
                                                              (949) 719-2712

Dated: August 14, 2023